417 So.2d 651 (1982)
LIFE INSURANCE COMPANY OF NORTH AMERICA, Petitioner,
v.
Margaret E. DEL AGUILA, et al., Respondents.
No. 59933.
Supreme Court of Florida.
July 15, 1982.
Marjorie D. Gadarian of Jones & Foster, West Palm Beach, for petitioner.
J. Daniel Ennis of Ennis & Northcutt, Indian Harbour Beach, and Robert T. Burger, Satellite Beach, for respondents.
BOYD, Justice.
This cause is before the Court on petition for review of the decision in Life Insurance Co. of North America v. del Aguila, 389 So.2d 303 (Fla. 5th DCA 1980). The decision to be reviewed conflicts with the recent case of Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Margaret E. del Aguila brought this action against four defendants based on fraud. The defendants were Knoll Associates, Inc., an insurance agency; Robert B. Knoll, its principal officer; Walter W. Morris, Jr., an employee of the agency; and Life Insurance Company of North America.
Knoll Associates, Inc., and Robert B. Knoll were general agents for Life Insurance *652 Company of North America, and were authorized to sell annuity contracts for the company. Walter W. Morris, Jr., as agent for Knoll Associates, approached Mrs. del Aguila to discuss investing the proceeds from a policy of insurance on the life of her then recently deceased husband. Morris suggested that she invest the funds through his agency in an annuity contract with Life Insurance Company of North America. She entrusted the entire fund of $50,000 to Knoll Associates.
Knoll and Morris placed $15,000 of Mrs. del Aguila's money in a mutual fund but retained the other $35,000. Then they told her that in order to purchase an annuity from Life Insurance Company of North America, she would have to allow the agency to remit the funds to the Company. So she allowed the agency to hold the $35,000 and to pay for the annuity contract in monthly installments of $500.00. Knoll Associates made two monthly payments and converted the remaining $34,000 to its own use.
In response to specific interrogatories the jury found that Knoll and Morris made fraudulent representations to Mrs. del Aguila and thereby caused her monetary damages; that Knoll and Morris were acting within their authority as agents of Knoll Associates, Inc.; and that both men and the agency were acting within their real or apparent authority as agents of Life Insurance Company of North America when they obtained the money from Mrs. del Aguila.
The jury found actual damages of $34,000 and assessed punitive damages in varying amounts against the four defendants. The verdict imposed $65,000 in punitive damages on Life Insurance Company of North America. Life Insurance Company of North America appealed the judgment against it both as to actual damages and punitive damages. The district court of appeal affirmed both portions of the judgment.
Petitioner argues that the trial court's instructions to the jury on the subject of agency were erroneous and that therefore the jury's finding of vicarious liability for the fraud of the other defendants should be reversed. We find this point to be without merit.
Taken as a whole, the instructions were sufficient. Therefore there was no reversible error. Grimm v. Prudence Mutual Casualty Co., 243 So.2d 140 (Fla. 1971). Even if one of the instructions would have been confusing standing alone, the error if any was harmless since under the evidence a finding of liability was proper. Stearns & Culver Lumber Co. v. Cawthon, 62 Fla. 370, 56 So. 555 (1911). A principal is liable for the tortious conduct of his agent, even though not authorized, if the agent was acting within the scope of his employment or his apparent authority. T.G. Bush Grocery Co. v. Conely, 61 Fla. 131, 55 So. 867 (1911); Camp v. Hall, 39 Fla. 535, 22 So. 792 (1897); Restatement (Second) of Agency §§ 216, 219 (1957).
Second, petitioner argues that the award of punitive damages was improper and should be reversed. Specifically, petitioner contends that the trial court erred in submitting the issue of punitive damages to the jury because there was insufficient proof that the insurance company knew or should have known that its local agents were engaging in a course of conduct likely to harm the plaintiff. We agree.
The district court framed the issue as follows:
We are squarely presented with the question of whether a principal can be vicariously liable in punitive damages under respondeat superior for torts of an agent or employee, when the principal neither authorized nor ratified the tort in the absence of any proof of negligent hiring or of some other negligent act directly attributable to the employer.
389 So.2d at 305. The district court then held that in these circumstances punitive damages were properly assessed against Life Insurance Company of North America under the doctrine of respondeat superior.
In Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), which was *653 decided after the district court's decision in the instant case, we held that in order for an employer to be held vicariously liable in punitive damages for the tort of an employee under the doctrine of respondeat superior, there must be proof of some fault on the part of the principal. In view of our decision in Mercury Motors, it is clear that the district court, insofar as it held punitive damages recoverable against Life Insurance Company of North America without regard to proof of fault, was in error.
There was in this case an allegation that Life Insurance Company of North America knew or should have known that its agents' dealings with Mrs. del Aguila were irregular, but we find, as did the district court, that there was insufficient proof of such actual or constructive knowledge.
Accordingly, the decision of the district court of appeal is approved in part and quashed in part. The court's affirmance of the judgment for actual damages is approved, but its affirmance of the judgment for punitive damages is quashed with directions to enter judgment for petitioner.
It is so ordered.
ALDERMAN, C.J., and OVERTON and McDONALD, JJ., concur.
SUNDBERG, J., concurs in result only.