423 So.2d 931 (1982)
PREVENTIVE SECURITY AND INVESTIGATORS, INC., and Kent Insurance Company, Appellants,
v.
William TROGE, Appellee.
No. 81-1755.
District Court of Appeal of Florida, Third District.
November 16, 1982.
Rehearing Denied January 10, 1983.
Magill, Reid, Kuvin & Lewis and Fred Lewis, Miami, for appellants.
Goodhart & Rosner, Daniels & Hicks and Mark Hicks, Miami, for appellee.
Before HUBBART, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal from a final judgment entered upon a jury verdict awarding compensatory and punitive damages in a negligence *932 action. The defendant and its insurer appeal raising a variety of points, none of which constitutes reversible error.
The central contention presented is that insufficient evidence was presented below to sustain a punitive damage award and that, accordingly, the trial court erred in denying the defendants' motion for a directed verdict on the punitive damage claim. We cannot agree.
The record reveals sufficient evidence upon which the jury could have reasonably found that the guard for the defendant security company acted with willful and wanton disregard for the rights of the plaintiff. While on the job and positioned where he could not see the boats he was supposed to keep watch over, the guard fell asleep in his car, with the engine running and the windows up, at a time when the plaintiff was being severely beaten on a boat by an intruder. See e.g., Johnson v. State, 148 Fla. 510, 4 So.2d 671 (1941). Moreover, the record contains sufficient evidence upon which a jury could have reasonably found that the defendant security company, as the guard's employer, was guilty of some fault in this incident which foreseeably contributed to the plaintiff's injuries. The defendant security company provided no training whatever for its guard and allowed him to stay in his car while on duty in a position where he could not see the boats he was guarding. See e.g., Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981).
We have also considered the other points raised upon this appeal by the defendants but do not deem any of them adequately preserved for appellate review. The final judgment under review is, in all respects,
Affirmed.