SCHWARTZ, Chief Judge.
Zayre’s, the defendant below, appeals from a judgment for $500 compensatory and $15,000 punitive damages in the plaintiff Martinez’s ’ favor. In answer to special interrogatories, the jury found against the plaintiff on his claims that store security guards assaulted and battered him and that Zayre’s had negligently “hired or retained” those employees. The award was based solely upon the trial court’s directing a verdict against Zayre’s on Martinez’s claim of false imprisonment. We find error in this ruling because the record presents a jury issue as to whether Martinez was confined pursuant to a lawful citizen’s arrest for a breach of the peace committed when he allegedly unjustifiably struck one or both of the guards. Sec. 877.03, Fla.Stat. (1979); Sturman v. City of Golden Beach, 355 So.2d 453 (Fla. 3d DCA 1978), cert. denied, 361 So.2d 836 (Fla.1978). The availability of this defense is not affected, as the plaintiff argues, even if the guards did not then or at trial assert such an arrest as a justification for their actions. See State v. Padron, 425 So.2d 644 (Fla. 3d DCA 1983); State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981).
*335 For this reason, a new trial must be held on the false imprisonment claim alone. We point out that, in the light of the verdict already returned, Zayre’s may be held liable for punitive damages under Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981) only if the jury concludes that it negligently failed properly to train the guards in question. Preventive Security and Investigators, Inc. v. Troge, 423 So.2d 931 (Fla. 3d DCA 1982). This issue was fairly presented by the testimony admitted without objection below but was not submitted to the jury on the erroneous ground that it had not been alleged in the complaint.[1] See Fla.R.Civ.P. 1.190(b); Di Teodoro v. Lazy Dolphin Development Co., 418 So.2d 428 (Fla. 3d DCA 1982), rev. denied, 427 So.2d 737 (Fla.1983); Batista v. Walter & Bernstein, P.A., 378 So.2d 1321 (Fla. 3d DCA 1980).
Reversed and remanded.

. We not only do not ourselves agree with Zayre’s appellate contention that negligent “retention” — an issue which was sent to the jury — and “training” are the same thing, we note that the distinction was also clear to its trial counsel who successfully moved to strike the word “trained” from the jury interrogatory because that separate contention was not raised in the pleadings.