481 So.2d 535 (1986)
McARTHUR DAIRY, INC., Appellant,
v.
ORIGINAL KIELBS, INC., and Miguel Tejeda, Appellees.
Nos. 84-2437, 84-2496 and 84-2701.
District Court of Appeal of Florida, Third District.
January 7, 1986.
*536 David H. Singer, Dube & Wright, and Richard M. Gale, Miami, for appellant.
Gilbride, Heller & Brown, and Lawrence Heller, Miami, for appellees.
Before HENDRY, HUBBART and JORGENSON, JJ.
HUBBART, Judge.
This is an appeal from a final judgment entered on a jury verdict in favor of the plaintiff in an action sounding in conversion. The action was brought against a corporate employer and one of its non-managerial employees for acts of conversion committed by the said employee within the scope of his employment. The dispositive issue presented for review is whether a trial court is authorized under Section 812.035(7), Florida Statutes (Supp. 1984), to enter a post-trial order trebling the amount of compensatory damages properly awarded by a jury against a corporate employer for acts of conversion committed within the scope of the employment by one of its non-managerial employees  as opposed to one of its managerial employees. We hold that the trial court is authorized by the above statute to enter such a post-trial order against a corporate employer if, but only if, the jury finds, as here, that the corporate employer was guilty of some fault which foreseeably contributed to the plaintiff's injury. We accordingly affirm the final judgment under review and dismiss the cross appeal as moot.

I
The relevant facts pertaining to the above issue are entirely undisputed. The plaintiff Original Kielbs, Inc. [Original Kielbs] filed a multi-count complaint sounding in conversion against the defendant McArthur Dairy, Inc. [McArthur Dairy] and one of its non-managerial employees  a driver-salesman named Miguel Tejeda who is not a party to this appeal  in the Circuit Court for the Eleventh Judicial Circuit, Dade County, Florida. Although the complaint contained four counts, only three counts were actually tried below  the remaining *537 count having been abandoned at trial.
The first of the counts actually tried charged both defendants with the conversion of certain dairy products. Specifically, it was alleged that the plaintiff Original Kielbs purchased certain dairy products from the defendant McArthur Dairy through its agent Miguel Tejeda  which the evidence showed was a non-managerial, driver-salesman employed by McArthur Dairy. It was alleged that Tejeda, over a period of three years, charged the plaintiff Originial Kielbs for these dairy products, that Tejeda was supposed to deliver these products on a daily basis to the said plaintiff, that Tejeda instead kept the said products for himself and remitted the plaintiff's monies for same to the defendant McArthur Dairy  all within the scope of his employment. It was finally alleged that the defendant McArthur Dairy was at fault in these large-scale conversions in that it had long had a problem with its deliverymen, like Tejeda, converting merchandise sold to its customers, but failed to take any reasonable steps to stop such acts of conversion from occurring. Both compensatory and punitive damages were sought against both defendants in this count.[1]
The second of the counts actually tried charged the defendant McArthur Dairy with the negligent supervision of Tejeda and realleged the basic facts contained in the first count. Compensatory damages were sought in this count.[2] The third of the counts actually tried charged both defendants with the statutory conversion of the dairy products in question under Section 812.014(1), Florida Statutes (1983), and realleged the basic facts alleged in the first count. Treble the compensatory damages actually sustained and punitive damages were sought against both defendants in this count.[3]
*538 The defendants filed an answer which denied the facts as alleged in the complaint and set up the affirmative defense of comparative negligence on the part of the plaintiff Original Kielbs in failing to discover the three-year pilferage of its dairy products by Tejeda. Various discovery and pre-trial proceedings took place thereafter which are not relevant here.
The case was then tried by a jury in which conflicting evidence was adduced in support of the plaintiff's claim and the defendant McArthur Dairy's affirmative defense. At the close of all the evidence, the trial court directed a verdict in favor of the defendant McArthur Dairy on the claim for punitive damages. Special interrogatory verdicts were then submitted to the jury which the jury responded to by making certain findings. These findings are not contested by any party to this appeal as all agree that the findings are supported by substantial, competent evidence adduced at trial.
The first special interrogatory verdict, as returned by the jury, reads as follows:
"We, the jury, return the following verdict:
1. Was there a theft committed on the part of the defendant, Miguel Tejeda? Yes.
2. Did the plaintiff, Original Kielbs, Inc., suffer any provable damages as a result of the subject incident of this lawsuit? Yes.
3. Was there negligence on the part of defendant, McArthur Dairy, Inc., which was a legal cause of damages to the plaintiff, Original Kielbs? Yes.
4. Was there negligence on the part of the plaintiff, Original Kielbs, which was a legal cause of its damage? Yes.
5. State the percentage of any fault, which was a legal cause of damage to plaintiff, Original Kielbs, Inc., that you charge to: Defendant, Miguel Tejeda, 10 percent; defendant McArthur Dairy, Inc., 80 percent; plaintiff, Original Kielbs, Inc., 10 percent.
6. What is the total amount (100 percent) of any damages sustained by plaintiff, Original Kielbs, Inc., and caused by the incident in question? $37,444.00."
The second special interrogatory verdict, as returned by the jury, reads as follows:
"Do you find that the defendant, Tejeda, committed an act of theft under Florida Law within the definition provided to you, to wit: A knowing wrongful taking of plaintiff's property, with the intent to deprive plaintiff of a right or benefit from it, or with an intent to appropriate to his own use, while acting within the course of his employment? Yes."
The jury also assessed punitive damages against Tejeda in the amount of $70,000.00. The trial court then entered a final judgment, based on the verdict, in which the plaintiff was awarded $37,444.00 in compensatory damages, plus interest, against both the defendant McArthur Dairy and Tejeda; the plaintiff was also awarded $70,000.00 in punitive damages against Tejeda.[4]
The plaintiff Original Kielbs filed a post-trial motion seeking to treble the amount of compensatory damages awarded by the jury against both defendants. The trial court granted the motion and entered an amended final judgment for the plaintiff as against both defendants, jointly and severally, *539 in the amount of $149,307.60  representing treble the compensatory damage award plus post-judgment interest; also punitive damages were assessed against Tejeda in the amount of $70,000.00.
The defendant McArthur Dairy appeals. The plaintiff Original Kielbs cross appeals the entry of the adverse directed verdict on its punitive damages claim against the defendant McArthur Dairy.

II
The sole point raised on the main appeal is the propriety of the trial court's post-trial order trebling the compensatory damages awarded by the jury as against the defendant McArthur Dairy. It is urged that the trebling of such damages is not authorized under Section 812.035(7), Florida Statutes (Supp. 1984), against a corporate employer, such as McArthur Dairy, for acts of conversion committed, as here, by one of its non-managerial employees within the scope of his employment  that such treble damages are only authorized when the acts of conversion are committed by the corporation itself through, presumably, one of its managerial employees. To assess the merits of this contention, it is necessary to consult the general law on the assessment of treble damages for acts of conversion under the Florida Anti-Fencing Act.

A
Section 812.035(7), Florida Statutes (Supp. 1984), of the Florida Anti-Fencing Act states the controlling statutory authority for the award of treble damages to the victim of a theft or conversion:
"Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 has a cause of action for three-fold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200. Such person shall also recover court costs and reasonable attorneys' fees in the trial and appellate courts."
Section 812.014(1), Florida Statutes (1983), in turn, proscribes as a crime the following acts of theft or conversion:
"A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto."
Plainly, then, the victim of a theft or conversion of property, as here, has a civil remedy for treble damages under the above two statutes.
Significantly, an earlier version of Section 812.035(7), Florida Statutes (1983), provided that punitive damages were also recoverable, in addition to treble damages, by the victim of a theft or conversion, to wit:
"Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 shall have a cause of action for three-fold the actual damages sustained and, when appropriate, punitive damages." (emphasis supplied)
The underscored portion of the above statute allowing punitive damages has since been repealed because, as correctly stated in a January 23, 1984, bill analysis prepared by the staff of the Committee on Criminal Justice of the Florida House of Representatives relating to the bill,
"The appellate courts have generally frowned upon awards for treble damages, plus punitive damages, upon the ground that treble damages are punitive in nature already and the combination of the two are necessarily duplicative as a punitive element, resulting in an excessive penalty. The bill would amend section 812.035(7), Florida Statutes, eliminating a civil award of punitive damages, while retaining an award for treble damages."
It is therefore clear that the treble damage award provided under the amended version of Section 812.035(7), Florida Statutes *540 (Supp. 1984), is in the nature of a punitive damage remedy as it allows the compensatory damages incurred by the victim of a theft or conversion to be increased three fold. Punitive damages, as such, are no longer permitted because they are plainly duplicative of the treble damages remedy.

B
Section 812.035(7), Florida Statutes (Supp. 1984), however, is entirely silent as to the party or parties against whom the victim of the theft or conversion has a cause of action for treble damages. It merely confers the above remedy inter alia upon the victim of the theft or conversion without identifying the party or parties against whom the remedy lies. Nonetheless, we are not troubled by this omission as the legislature was plainly creating a civil, not a criminal remedy when it enacted the statute and, in so doing, obviously intended the ordinary rules of civil, rather than criminal liability to apply in determining the party or parties who must respond to the treble damage award. See Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla. 3d DCA 1984). This being so and given the fact that the treble damages remedy is plainly a substitute for a punitive damages award, we must turn to the ordinary rules of civil liability relating to punitive damages in order to determine what party or parties are liable for treble damages under Section 812.035(7), Florida Statutes (Supp. 1984).
First, the perpetrator of a theft or conversion is liable for punitive damages under ordinary rules of civil liability, see Smith v. Bagwell, 19 Fla. 117 (1882); Prosser and Keeton on Torts § 2, at 10-11 and cases collected at n. 41 (5th ed. 1984); he is therefore liable for treble damages under Section 812.035(7), Florida Statutes (Supp. 1984), see Senfeld v. Bank of Nova Scotia Trust Co., supra. Second, the employer of the perpetrator of a theft or conversion is vicariously liable for punitive damages under ordinary rules of civil liability provided: (a) the theft or conversion was committed within the scope of the perpetrator's employment, and (b) the employer was guilty of some fault which foreseeably contributed to the plaintiff's injury, see Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 549 (Fla. 1981); compare Life Insurance Co. of North America v. Del Aguila, 417 So.2d 651, 652-53 (Fla. 1982); see also Prosser and Keeton on Torts, supra, § 2, at 13. The employer of the perpetrator of a theft or conversion is therefore vicariously liable under the same circumstances for treble damages under Section 812.035(7), Florida Statutes (Supp. 1984). Third, a corporate employer of the perpetrator of a theft or conversion is liable for punitive damages under ordinary rules of civil liability where: (a) the theft or conversion was committed by a managerial employee of the corporation within the scope of the latter's employment, see Robinson v. Winn-Dixie Stores, Inc., 447 So.2d 1003 (Fla. 4th DCA 1984), aff'd in part; reversed in part (on other grounds), 472 So.2d 722 (Fla. 1985); Restatement (Second) of Torts § 909(c), illustration 3 (1979); or (b) the theft or conversion was committed by a non-managerial employee of the corporation within the scope of the latter's employment, provided further that the management of the corporation was guilty of some fault which foreseeably contributed to the plaintiff's injury. See Zayre Corp. v. Martinez, 439 So.2d 333 (Fla. 3d DCA 1983); Preventive Security & Investigators, Inc. v. Troge, 423 So.2d 931 (Fla. 3d DCA 1982); compare Life Insurance Co. of North America v. Del Aguila, 417 So.2d at 652-53; see also Bankers Multiple Line Insurance Co. v. Farish, 464 So.2d 530, 533 (Fla. 1985); accord Winn-Dixie v. Robinson, 472 So.2d at 724. A corporate employer of the perpetrator of a theft or conversion is therefore liable under the same circumstances for treble damages under Section 812.035(7), Florida Statutes (Supp. 1984); compare Jayre, Inc. v. Wachovia Bank & Trust Co., 420 So.2d 937 (Fla. 3d DCA 1982). In sum, the ordinary rules of civil liability for punitive damages, as stated above, are now applicable to the treble damage remedy provided for under the above statute.

*541 C
Finally, the law is clear that a jury is not authorized to award treble damages under Section 812.035(7), Florida Statutes (Supp. 1984). Instead, only the trial court is authorized to award such damages in a post-trial order wherein the jury's award of compensatory damages is trebled as a purely ministerial act. Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d at 1165-66. However, in order to treble the compensatory damages awarded by a jury against the employer or corporate employer of the perpetrator of the theft or conversion sued upon, the jury may also be required  depending on the case  to make the necessary factual findings so as to impose vicarious responsibility for said treble damages on the corporate employer.

III
Turning now to the instant case, the jury found that the defendant McArthur Dairy's non-managerial employee, Miguel Tejeda, committed a theft  which, all agree, was in the scope of his employment  resulting in a $37,444.00 compensatory damages loss to the plaintiff Original Kielbs  and that the defendant McArthur Dairy was negligent in its supervision of Tejeda which, in turn, was a legal cause of the compensatory damages suffered by the plaintiff Original Kielbs. No party to this appeal challenges the sufficiency of the evidence adduced at trial to reach these findings and, accordingly, they must be accepted as properly entered for purposes of this appeal.
Under these circumstances, it was then proper under the established law for the trial court to treble, as it did, the compensatory damages awarded by the jury against McArthur Dairy in this case  and to do it, with interest, in the post-trial order entered below. McArthur Dairy's non-managerial employee committed a theft or conversion of the plaintiff's property within the scope of the employee's employment  and McArthur Dairy was plainly guilty of some fault which foreseeably contributed to the plaintiff's injury. This being so, the treble damage remedy was properly applied against McArthur Dairy under Section 812.035(7), Florida Statutes (Supp. 1984), and McArthur Dairy's contention to the contrary must be rejected.
The trial court in the post-trial order assessing treble damages correctly analyzed the issue before it as follows:
"Plaintiff has sought to treble damages against both MIGUEL TEJEDA and McARTHUR DAIRY, INC. pursuant to Florida Statute 812.035. It is appropriate for the [c]ourt to consider the issue of treble damages after a jury verdict. See, Senfeld v. The Bank of Nova Scotia, 450 So.2d 1157 (Fla.App. 3d Dist. 1984). Clearly Florida law permits the trebling of damages, indeed requires it, upon the finding that a theft has occurred. The jury specifically found [that] TEJEDA committed the theft while in the scope of his employment and that McARTHUR was so irresponsible in its conduct that it attributed a greater degree of fault and responsibility for the theft to McARTHUR (80%) than to the individual who perpetrated the theft (TEJEDA  10%). It is clear that McARTHUR directly benefited from TEJEDA's theft in that McARTHUR reaped profits for additional sales that it would never have made had TEJEDA not oversold the [p]laintiff. McARTHUR's knowledge of the rampant thefts in its organization coupled with its admitted refusal to take any steps to stop same evidence at the very least McARTHUR's tacit if not outright complicity in the theft problem, generally, and in this instance, specifically. Where an individual [d]efendant has committed theft pursuant to Florida Statute 812.035, and that said theft was committed during the course and scope of his employment and where the employer was specifically found to be responsible for said loss and theft to a degree equal to, or greater than that of the individual, it is appropriate to treble the damages against both the employee and employer. Pursuant to this [o]rder, [p]laintiff is hereby instructed *542 to submit an [a]mended [f]inal [j]udgment trebling the damages, including [post]-judgment interest."
Given our holding on the main appeal, all parties agree that the cross appeal filed by the plaintiff Original Kielbs is rendered moot and, for that reason, the same is hereby dismissed. The final judgment under review is therefore in all respects
Affirmed.
NOTES
[1] I.
CONVERSION
1. This is an action for damages which exceeds $5,000.
2. At various and sundry times over the past three years MC ARTHUR DAIRY, INC. (hereinafter called McArthur) through its agent, TEJEDA was supposed to deliver miscellaneous dairy products to Plaintiff's place of business.
3. TEJEDA charged Plaintiff for items on MC ARTHUR's truck, but then left said items on his truck on a daily and weekly basis instead of delivering them to Plaintiff. TEJEDA thereafter remitted all monies received from Plaintiff to MC ARTHUR.
4. At all material times Plaintiff had right to possession of the items never delivered and the acts of Defendants constitute conversion.
5. At all material times, Defendant, TEJEDA was acting within the course and scope of his employment with MC ARTHUR.
6. In addition, MC ARTHUR knew or should have known about TEJEDA's activities in that MC ARTHUR has had a continuing problem with delivery men converting merchandise for their own use, and has failed to take any steps or safeguards to stop or monitor any of their agent's actions. In addition, MC ARTHUR has obtained a minimal bond for its agents totally insufficient to compensate Plaintiff or any prospective Plaintiff against loss.
7. The actions of TEJEDA and MC ARTHUR entitle Plaintiff to punitive damages.
WHEREFORE, Plaintiff demands judgment against the Defendants in a compensatory and punitive amount in excess of $5,000.00."
[2] III.
NEGLIGENT SUPERVISION
15. Plaintiff readopts and realleges all of the allegations contained in Counts I and II.
16. Defendant, MC ARTHUR was negligent in its supervision of TEJEDA.
17. MC ARTHUR knew that conversion and theft of inventory by its employees was a common practice and did little if anything to control or curb the activities. As a result of MC ARTHUR's negligence in supervision of its employee, TEJEDA was able to commit the thefts in question with little fear of repercussions from MC ARTHUR.
18. The negligence of MC ARTHUR was the direct and proximate result of Plaintiff's loss.
WHEREFORE, Plaintiff demands judgment against MC ARTHUR in a compensatory amount in excess of $5,000, together with court costs and whatever further relief the court deems appropriate."
[3] IV.
STATUTORY CONVERSION
19. Plaintiff readopts and realleges all of the allegations contained in Counts I, II and III.
20. Defendant, TEJEDA, knowingly obtained or used, or endeavored to obtain or use the property of Plaintiff, ORIGINAL KIELBS, INC., with the intent to deprive said Plaintiff of a right to the property or a benefit therefrom and to appropriate the property to his own use or to the use of any person not entitled thereto in violation of F.S. § 812.014(1) et seq.
21. The Plaintiff, ORIGINAL KIELBS, INC., was injured by reason of the violation of the provisions of F.S. § 812.104 [sic] and has sustained actual damages therefrom.
22. All of said acts constituting the violation of F.S. § 812.014 by the Defendant, TEJEDA, were done within the course and scope of TEJEDA's employment with the Defendant, MC ARTHUR.
WHEREFORE, Plaintiff demands judgment against the Defendants, TEJEDA and MC ARTHUR, jointly and severally, for three-fold the actual damages sustained, punitive damages, attorneys' fees, and all costs of investigation and litigation."
[4] For the reasons which follow, this punitive damage award was entirely unauthorized in view of the treble damage award assessed against Tejeda. We do not disturb this portion of the final judgment, however, because Tejeda has not taken an appeal therefrom. Only the defendant McArthur Dairy has appealed the final judgment.