*1261
On Motion for Rehearing

We agree with K-Mart’s contention on rehearing that “in order for an employer to be held vicariously liable in punitive damages for the tort of an employee under the doctrine of respondeat superior, there must be proof of some fault on the part of the principal.” Life Insurance Company of North America v. Del Aguila, 417 So.2d 651, 653 (Fla.1982). As we recognized in the panel opinion, Hernandez failed to present any evidence of fault on the part of K-Mart. Consequently, the jury’s verdict finding that K-Mart was not liable for punitive damages is supported by the evidence.
Accordingly, we amend the final paragraph of page 3 to read:
Accordingly, we reverse the judgment under review and remand to the trial court with directions to enter a directed verdict in favor of the Hernandezes on the issues of probable cause and consent; and to enter a judgment in accordance with the jury’s verdict finding 1) K-Mart’s false imprisonment and assault and battery to be the proximate cause of the injuries allegedly suffered by the Hernandezes, and 2) that K-Mart acted without malice, moral turpitude, wantonness, wilfulness or reckless indifference to the rights of Dany Hernandez. Finally, upon remand, the trial court is directed to grant a new trial as to compensatory damages. Having so ruled, we find it is unnecessary to address the remainder of the contentions advanced by the plaintiff.
It is so ordered.
In all other respects K-Mart’s motion for rehearing and clarification is denied.