STONE, Judge.
The plaintiff was injured while a passenger in his own automobile, which had been purchased from the defendant dealer. Pri- or to the accident the defendant had agreed to repair the front seat belts but had not yet done so when the injury occurred. The failure to repair was due to delays in obtaining ordered parts, although there was a dispute in the evidence as to which parts had, in fact, arrived and the extent of plaintiff’s knowledge of this. Plaintiff’s products liability complaint, founded on both negligence and breach of warranty theories, charged that plaintiff had sustained injuries during the accident as a result of the defective safety belts. The defense argued that by allowing an intoxicated friend to drive his automobile, knowing that the safety belts were not operational, plaintiff had acted unreasonably and “assumed the risk” of injury. The jury found for the dealer on the warranty theory, but found the defendant dealer 40%, and the plaintiff 60%, negligent.
The plaintiff contends that the court erred in permitting the jury to consider evidence of intoxication as well as plaintiff’s failure to exercise due care. Plaintiff concedes that these issues were relevant to the cause of the accident, but argues that the jury should have been asked only to consider evidence of product misuse. Plaintiff further asserts that the issues relating to the cause of the accident were irrelevant, particularly since the occurrence of an accident is inherent to the purpose in using seat belts.
In West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla.1976) the court explained the application of comparative negligence principles to products liability law, under both negligence and breach of warranty theories:
Unreasonable exposure to a known and appreciated risk should bar recovery in an action based upon implied warranty just as it bars recovery in negligence. However, it is unreasonable to require the noncommercial consumer to make any sort of detailed or expert inspection. If the injured person’s conduct is a proximate cause of the injuries, the defendant would have a right to a charge on comparative negligence in an action for breach of implied warranty. If the injured person failed to use that degree of care which a reasonably careful person would use under like circumstances then he is guilty of some negligence. If this negligence was a proximate contributing cause of the injuries, the defendant would be entitled to raise the defense of contributory or comparative negligence. In other words, lack of ordinary due care could constitute such a defense.
Id. at 92.
In Blackburn v. Dorta, 348 So.2d 287, 293 (Fla.1977), the court, in holding that implied assumption of risk was no longer a complete bar to recovery, recognized that it had not been abolished by the adoption of comparative negligence in Hoffman v. Jones, 280 So.2d 431 (Fla.1973).[1] Rather, it *428 merged into the defense of contributory-negligence, and when assumption of risk is asserted, the principles of comparative negligence apply. In Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla.1979), the court recognized that in defense of a products liability claim, a defendant may raise the obviousness of a hazard to show that the plaintiff failed to exercise the degree of reasonable care required by the circumstances. We conclude that there was no error in permitting the jury to consider the evidence of plaintiffs failure to exercise due care for his safety by becoming a passenger under the circumstances of this case.
Appellant also contends that the court erred when instructing the jury by applying the collateral source statute, section 627.7372(1), Florida Statutes (1985). This statute provides that the court shall instruct the jury to deduct benefits received by the claimant from collateral sources “in any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle.” Here, the injury arose out of the ownership, operation, use, or maintenance of a motor vehicle. We can discern no reason why this statute should not be applied to a cause of action involving products liability where its terms are otherwise applicable. See Gencorp, Inc. v. Wolfe, 481 So.2d 109 (Fla. 1st DCA 1985), rev. den., 491 So.2d 281 (Fla.1986).
Appellant has raised additional objections to the jury instructions, however we find the errors harmless. Life Insurance Company of North America v. Del Aguila, 417 So.2d 651 (Fla.1982); Grimm v. Prudence Mutual Casualty Company, 243 So.2d 140 (Fla.1971).
The judgment of the trial court is, therefore, affirmed.
HERSEY, C.J., and GLICKSTEIN, J., concur.

. This case does not involve issues of express assumption of risk which has been held to remain a complete defense. Black v. District Board of Trustees of Broward Community Col *428 lege Florida, 491 So.2d 303 (Fla. 4th DCA), rev. den., 500 So.2d 543 (Fla.1986).