PER CURIAM.
This cause first came before this court in 1987, when appellee, the purported landlord, appealed a final judgment awarding treble compensatory damages in addition to punitive damages to appellants, the purported tenants, in an action against appel-lee for civil theft, wrongful eviction and conversion.
In Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA 1987), we affirmed the trial court’s finding that Cutler’s agent, in packing and storing Pelletier and Caputo’s belongings, as collateral for alleged unpaid utility bills, converted the property under the direction of Cutler. However, we found that the trial court erred in directing a verdict for Pelletier and Caputo because there was a jury question as to what specific property was converted. We also held that the compensatory damages awarded were based on an improper measure of damages and that the trial court erred in awarding both punitive and treble damages under the amended version of the civil theft statute, section 812.035(7), Florida Statutes (Supp.1984). The award amounted to a double recovery and an excessive penalty.
This court reversed the punitive damages awarded and remanded for a jury trial on the issue of conversion. We footnoted our opinion with the statement that there was insufficient evidence to support an award of punitive damages on either of the other two theories of law presented by Pelletier and Caputo: negligent hiring and the acts being malicious, wanton and willful (common law civil theft).
After the trial on remand, the trial court denied appellants’ motion for treble damages. It found that this court’s prior opinion required it to deny any relief for treble damages or attorney’s fees under the civil theft statute. Appellants now seek review of the denial of that motion.
We find the trial court correctly interpreted our 1987 opinion, that under the facts of the case there was insufficient evidence to support an award of punitive damages or statutory treble damages under Florida’s civil theft statute which requires a finding of criminal intent. City of Cars, Inc. v. Simms, 526 So.2d 119 (Fla. 5th DCA 1988). We therefore affirm the trial court’s order denying appellants’ motion for treble damages.
DOWNEY, DELL and POLEN, JJ., concur.