981 So.2d 1245 (2008)
OCALA JOCKEY CLUB, LLC, Daniel L. Case, et al., Appellants,
v.
Randy ROGERS, Appellee.
No. 5D07-1738.
District Court of Appeal of Florida, Fifth District.
May 16, 2008.
Gregory E. Tucci, Ocala, for Appellants.
Robert H. McLean, of Trow, Appleget & Perry, Chester J. Trow, P.A., Ocala, for Appellee.
SAWAYA, J.
We must determine whether an award of damages pursuant to section 772.11, Florida Statutes (2004), should be three *1246 times the amount of actual damages or whether the threefold damage amount should be in addition to the amount of actual damages. We will also determine whether the trial court erred in awarding attorney's fees and costs without a hearing.
These issues arise from litigation filed by Appellee, Randy Rogers, seeking a refund of money he paid to Appellants, who are the Ocala Jockey Club, LLC; Hyperion Holdings, Inc.; and Daniel and Diana Case (collectively referred to as Appellants).[1] The money was paid pursuant to an agreement whereby Rogers agreed to purchase a condominium unit from Appellants. The complaint filed by Rogers alleges in count I that Appellants violated section 812.014(1), Florida Statutes, and seeks recovery of treble damages for theft pursuant to section 772.11, Florida Statutes, plus attorney's fees and costs. Count II appears to be similar to count I, but it does not seek treble damages under section 772.11.[2] Count III alleges breach of an agreement that allegedly required Appellants to repay to Rogers the sum of $2,500 Rogers paid to satisfy the Cases' obligation regarding the purchase of a certain horse.
It is not necessary to discuss the events that led to the disputes between the parties regarding the two agreements just mentioned because procedural irregularities, which occurred during the course of the litigation, led to entry of the final judgment we now review. The procedural irregularities developed when Appellants willfully dis-regarded two orders requiring them to comply with discovery requests made by Rogers despite clear warnings given by the trial court of the dire consequences to follow noncompliance. Those warnings became reality when the trial court struck the Appellants' pleadings, entered default against Appellants, and rendered final judgment in favor of Rogers.
As to count I, the civil theft count, the court awarded actual damages of $42,500, statutory interest of $8,509.31, and section 772.11 damages of $127,500. The court awarded actual damages of $2,500 plus interest of $649.18 on count III (incorrectly labeled count II in the judgment). The court set out its attorney's fee calculations, concluding that $12,143 was a reasonable fee, and awarded that amount to Rogers, plus $289 in court costs. Just as the court had warned Appellants in its prior orders, sanctions of $100 per day for noncompliance were imposed, which increased the award by another $4,200. The total final judgment was $199,290.49.
Rogers argues that adding the treble damage amount to the actual damage award is appropriate as a "civil punishment" for the Ocala Jockey Club's wrongdoing. The Florida courts have not been consistent in determining whether the primary purpose of damage awards under section 772.11 is remedial or punitive.[3] *1247 Given the exertions and expense associated with civil litigation these days, perhaps in many instances, it is the economic lure of treble damages that attracts litigants to seek recompense under section 772.11 rather than the felt need to punish the thief for his wrongdoing. Regardless of the motivation that drives a particular litigant to utilize this statute, our task is to determine what the Legislature intended when it enacted section 772.11.
Looking first to the language of the statute, as we should, it is readily apparent that the plain meaning of the terms and provisions included in section 772.11 leads to the conclusion that a litigant may only recover three times the amount of actual damages. The statute states in pertinent part:
Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section.
§ 772.11(1), Fla. Stat. (2004). This statute clearly and unambiguously provides a "cause of action for threefold the actual damages sustained," not a cause of action for actual damages plus threefold that amount. Moreover, the written demand must be for the treble damage amount, which clearly indicates that the proper amount to award under the statute is three times the actual damage amount. Hence, the Legislature did not intend to allow an award of treble damages in addition to the plaintiff's actual damages.
We are not much impressed with Rogers' assertion that Nasr International Trading Co., Inc. v. Rahul International Inc., 675 So.2d 704 (Fla. 3d DCA 1996), provides insight and support for his argument. There, the terms of the civil worthless check statute, section 68.065(1), were under consideration. Section 68.065(1) specifically provides that "the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft, or order, for damages of triple the amount so owing." Applying the statute, the Third District Court held that the trial court was required to award the plaintiff the face amount of the dishonored check plus an amount equal to three times the face amount. Rogers admits that unlike the worthless check statute, the civil theft statute does not contain the express language calling for the actual damages plus triple that amount. However, he argues that the analogy is "sound." We disagree. We believe that the holding in Nasr and the provisions of section 68.065(1) belie the argument espoused by Rogers because the inclusion of the particular language in the worthless check statute clearly reveals that the Legislature knows how to make provision for an award of actual damages in addition to treble damages when it enacts a statute. The lack of similar provisions in section 772.11 bolsters our conclusion that an award of treble damages in addition to the amount of actual damages is not permitted.
Accordingly, the amount awarded to Rogers for the civil theft count must be reversed. On remand, the trial court shall perform its ministerial act of calculating the proper amount of treble damages and enter a judgment for that amount. See McArthur Dairy, Inc. v. Original Kielbs, Inc., 481 So.2d 535, 541 (Fla. 3d DCA *1248 1986) ("[T]he law is clear that a jury is not authorized to award treble damages under Section 812.035(7), Florida Statutes (Supp. 1984). Instead, only the trial court is authorized to award such damages in a post-trial order wherein the jury's award of compensatory damages is trebled as a purely ministerial act."); Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157, 1166 (Fla. 3d DCA 1984) (holding that in civil theft claim, once jury sets the amount of actual damages, it is a ministerial act for the trial court to triple those damages and enter final judgment in that amount). That calculation simply requires a reduction of the total damages awarded under count I by $42,500. We note that the trial court correctly awarded prejudgment interest only on the amount of actual damages. See Nelson v. AmSouth Bank of Fla., 699 So.2d 810, 810 (Fla. 1st DCA 1997) ("Prejudgment interest may only be awarded on the amount actually stolen; it may not be awarded on the trebled amount.").
Appellants argue, and Rogers concedes, that the case should be remanded to the trial court for a properly-noticed evidentiary hearing on the reasonableness of the attorney's fees Rogers incurred. Although section 772.11 permits an award of fees and costs incurred at trial and on appeal, the party against whom the fees are sought is entitled to proper notice and an opportunity to be heard at an evidentiary hearing.
We reverse that part of the final judgment awarding damages under count I of the complaint and remand for entry of a judgment reflecting the proper amount of treble damages. On remand, the trial court shall conduct an evidentiary hearing regarding the amount of attorney's fees to be awarded Rogers.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and COHEN, JJ., concur.
NOTES
[1] Appellants raise the issue that the trial court abused its discretion in striking their pleadings and that there was insufficient evidence to support the award of treble damages under section 772.11. We disagree and affirm as to these issues without further discussion.
[2] The final judgment does not award damages pursuant to count II, apparently because counts I and II are essentially the same, except for the treble damage request under the former.
[3] Compare Snyder v. Bell, 746 So.2d 1096, 1098-99 (Fla. 2d DCA 1999) (holding that treble damages awarded under the civil theft statute are remedial, not punitive), review granted, 760 So.2d 945 (Fla.2000), review dismissed, 778 So.2d 970 (Fla.2001), with Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc., 534 So.2d 1187, 1195 (Fla. 4th DCA 1988) (holding treble damages under the civil theft statute are punitive); and McArthur Dairy, Inc. v. Original Kielbs, Inc., 481 So.2d 535, 539-40 (Fla. 3d DCA 1986) (same).