# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2947
Lower Tribunal No. 1999-CF-000285-AXXX-XX

_____

FLORIDA DEPARTMENT OF CORRECTIONS,

Appellant,

v.

JERMAINE D. JONES,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Elizabeth V. Krier, Judge.

April 25, 2025

PER CURIAM.

The Florida Department of Corrections ("DOC") appeals the trial court's denial of its Motion for Imposition of Civil Restitution Lien Judgment against Jermaine Darnell Jones. Jones, who is serving a life sentence for first-degree murder, has not filed an answer brief. The trial court found that DOC was entitled to a civil restitution lien but ultimately ruled that DOC could only seek restitution by (1) filing a separate civil action or (2) having the state attorney file a motion for

such relief on DOC's behalf in the criminal case.[1]  Because this ruling was based on a misreading of section 960.292, Florida Statutes (2022), we reverse.

Section 960.292 provides in relevant part:

(1) Upon conviction, the convicted offender shall incur civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties as set forth in s. 960.293. The conviction shall estop the convicted offender from denying the essential allegations of that offense in any subsequent proceedings.

(2) *Upon motion by the state, upon petition of the local subdivision, crime victim, or aggrieved party, or on its own motion*, the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties. The court shall retain continuing jurisdiction over the convicted offender for the sole purpose of entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision, whichever occurs later.

(Emphasis added).  The trial court found that the punctuation in the first sentence of subsection two made it "unclear if a local subdivision, crime victim[,] or aggrieved party must petition the state to file such a motion on its behalf, or if a civil restitution lien may be requested by (1) [the] state by way of motion and (2) by local subdivision[s], crime victims, or aggrieved parties by way of petition to the court."

---

[1] While the trial court's order states that DOC's motion was denied "without prejudice," it nevertheless constitutes a final, appealable order in that it brought an end to the judicial labor as to DOC's efforts to obtain relief in the underlying case. *See U.S. Bank Nat. Ass'n v. Rodriguez*, 206 So. 3d 734, 736 (Fla. 3d DCA 2016) ("If a dismissal is 'without prejudice' but it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new case, the order is final.").

The court ultimately concluded that since the State and a defendant are the only parties to a criminal action, "civil actions are the appropriate vehicle if filed on behalf of the Department of Corrections itself."

The trial court's analysis relies on an overly narrow reading of the statute's reference to "the state." The statute provides that a civil restitution lien order may be obtained (1) "[u]pon motion by the state"; (2) "upon petition of the local subdivision, crime victim, or aggrieved party"; and (3) "on [the court's] own motion." § 960.292(2). There is no reason to believe the legislature intended the phrase "[u]pon motion by the state" to refer only to the *office of the state attorney* as opposed to the State of Florida in general. Chapter 960 is replete with references to the "state attorney" or "state attorney's office." *See, e.g.*, §§ 960.001(1), 960.0015(1), 960.07(6)-(7), 960.195(2). If the legislature had intended to limit the authority to file such a motion to the state attorney, it would have done so by specifically identifying the state attorney in the same manner it did in other provisions throughout chapter 960. *See Mesen v. State*, 271 So. 3d 164, 169 (Fla. 2d DCA 2019) ("When the legislature has included a provision in one statute but omitted it in an analogous statute, courts should not read it into the statute from which it has been excluded.") (citing *Leisure Resorts, Inc. v. Frank J. Rooney, Inc.*, 654 So. 2d 911, 914 (Fla. 1995) (declining to "imply [a term] where it has been excluded" when the term was used in one section governing the implied warranty

for developers but not another implied-warranty section governing contractors); *Rollins v. Pizzarelli,* 761 So. 2d 294, 299 (Fla. 2000) (explaining that "[j]ust as the legislative use of different terms in different portions of the same statute is evidence that different meanings were intended," the language of statutes in different chapters can be compared for the same purpose); *Ocala Jockey Club, LLC v. Rogers*, 981 So. 2d 1245, 1247 (Fla. 5th DCA 2008) (finding that language in one statute "reveal[ing] that the Legislature knows how to make provision" for an award of both actual and treble damages implied that another statute lacking such language did not permit both)).

Instead, the legislature in section 960.292(2) specifically authorized "the state" to file a motion for a civil restitution lien in a criminal case. DOC is an executive agency of the state, and when it takes any action, it does so on behalf of the state. As a result, section 960.292(2) authorizes DOC to move for a civil restitution lien order in a criminal case. *See, e.g., Acosta v. Dep't of Corr.*, 377 So. 3d 1230, 1231 (Fla. 2d DCA 2024) ("[W]hile Mr. Acosta was still serving his sentence of incarceration, the State, through its Department of Corrections, moved under several provisions of chapter 960 for the imposition of a civil restitution lien order."); *Fla. Dep't of Corr. v. De La Paz*, 388 So. 3d 4, 5 (Fla. 4th DCA 2024) (DOC filed motion for imposition of civil restitution lien order in criminal case following entry of restitution order which retained jurisdiction for modifications).

4

Accordingly, we reverse the trial court's order denying DOC's motion and remand the case for further proceedings consistent with this opinion.

REVERSED and REMANDED.

STARGEL, WOZNIAK and BROWNLEE, JJ., concur.

Charles Thomas Martin, Jr., Assistant General Counsel, of Florida Department of Corrections, Tallahassee, for Appellant.

No Appearance for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED