GRIFFIN, J.
Bermuda Dunes Private Residences Condominium Association, Inc. [“Bermuda Dunes”] appeals the entry of summary final judgment in favor of Bank of America in an action that arose out of a dispute over unpaid, past-due condominium assessments. Bermuda Dunes argues that the trial court erred in entering summary final judgment, asserting that there exists a material issue of fact regarding the capacity in which Bank of America took title to a condominium unit, and that Bank of Amer *610 ica is not entitled to judgment as a matter of law on the issue of whether its liability for the assessments is limited pursuant to section 718.116, Florida Statutes.
Through an amended complaint, Bank of America requested: (Count I) judgment requiring Bermuda Dunes to issue an es-toppel certificate that complies with the limited liability protection afforded under section 718.116(l)(b), Florida Statutes; (Count II) declaratory judgment as to its rights under section 718.116(l)(b), Florida Statutes; and (Count III) judgment for damages, costs, and attorney’s fees pursuant to section 718.303(l)(a), Florida Statutes. Bank of America alleged in part:
6. Plaintiff acquired title of the Property as the first mortgagee or its assignee or successor in a foreclosure proceeding in Orange County, Florida.
7. The original amount of the mortgage was $255,120.00; and it was recorded on June 5, 2007, [sic] in Official Records Book 09288, at page 1799, of the Public Records of Orange County. A copy of said mortgage is attached hereto as Exhibit “A” and incorporated herein.
8. Plaintiff is an assignee of the first mortgagee by virtue of an Assignment of Mortgage recorded on January 6, 2010, in Official Records Book 9983, at page 5705, of the Public Records of Orange County. A copy of the Assignment is attached as Exhibit “B” and incorporated herein.
9. Final Judgment of Foreclosure was entered August 10, 2010, granting Plaintiff a lien in the foreclosed amount which is superior to any right, title, interest, or claim of the Defendant. The Judgment was recorded on August 16, 2010, in Official Record Book 10090, at Page 0055, of the Public Records of Orange County. A copy of the Final Judgment of Foreclosure is attached hereto as Exhibit “C” and incorporated herein. 10. Plaintiff owns the property located at 7250 Westpointe Boulevard, # 1024, Orlando, Florida 32835-6506 (hereinafter “the Property”), by virtue of a Certificate of Title recorded on November 2, 2011, in Official Records Book 10289, at Page 2008, of the Public Records of Orange County. A copy of the certificate is attached as Exhibit “D” and incorporated herein.
11. Defendant is the condominium association governing the Property, and was joined as a defendant in the initial foreclosure action in which Plaintiff acquired title.
12. Plaintiff, in preparation of entering into a contract of sale for the Property as “seller” with a non-party “buyer,” requested an estoppel request from Defendant in preparation for the sale.
13. Plaintiff, as an assignee or successor of the first mortgagee of the foreclosed Property, is protected under Fla. Stat. § 718.116(l)(b) and required to pay the Defendant the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments which came due or accrued before Plaintiffs acquisition of title and which were not paid by the previous owner.
14. Defendant has issued a letter demanding payment from the Plaintiff.
15. In defiance of Florida law, Defendant has refused to account for the protection provided to Plaintiff under the safe harbor provisions of Fla. Stat. § 718.116 and demanded a total amount of $17,987.84, a copy of which is attached hereto as Exhibit “E” and incorporated herein.
16. Plaintiff has provided Defendant with an explanation of the safe harbor provision of Fla. Stat. § 718.116, and the limited liability afforded to first mort *611 gagees or their successors or assigns for past arrearages.
17. This equals $2,551.20 (one percent of the original mortgage) for arrearages, plus assessments subsequent to Plaintiff taking title.
The mortgage, which is attached to the amended complaint, names Bank of America, N.A. as the “Lender” and provides in part: “Lender is the mortgagee under this Security Instrument.” An assignment of mortgage, which also is attached to the amended complaint, provides in part:
THAT BANK OF AMERICA, N.A.
Residing or located at C/O BANK OF AMERICA MORTGAGE, 475 CROSS-POINT PARKWAY, GETZVILLE, N.Y. 14068-9000 herein designated as the assignor, for and in consideration of the sum of $1.00 Dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto FEDERAL HOME MORTGAGE CORPORATION residing or located at: C/O BANK OF AMERICA MORTGAGE, 475 CROSS-POINT PARKWAY, GETZVILLE, N.Y. 14068-9000 herein designated as the assignee, the mortgage executed by MAIKA MARTINEZ AND SALVADOR MARTINEZ, WIFE AND HUSBAND recorded in ORANGE County, Florida at book 9288 and page 1799 encumbering the property more particularly described as follows: CONDOMINIUM UNIT 1024, BERMUDA DUNES PRIVATE RESIDENCES ...
together with the note and each and every other obligation described in said mortgage and the ■ money due and to become due thereon
TO HAVE AND TO HOLD the same unto the said assignee, its successors and assigns forever, as of the 2nd day of September, 2009, but without recourse on the undersigned.
The final judgment of foreclosure, which is attached to the amended complaint, names Federal Home Loan Mortgage Corporation as the “Plaintiff.” A certificate of title for the foreclosed property, namely Condominium Unit 1024, is attached to the amended complaint, and provides that the property was sold to Bank of America.
On April 30, 2012, Bermuda Dunes filed a motion to dismiss, asserting that Federal Home Loan Mortgage Corporation was the first mortgagee of the property “via an assignment of mortgage,” and that “[t]he exhibits to BoA’s Amended Complaint clearly evidence that BoA [was] not the assignee nor the successor to the first mortgagee.” The trial court denied the motion on July 3, 2012.
Thereafter, on July 5, 2012, Bermuda Dunes filed an answer and affirmative defense. As an affirmative defense, Bermuda Dunes asserted:
Florida Statute § 718.116(l)(b)(l) applies solely to a first mortgagee, its successor or assignee. On December 9, 2009 BANK OF AMERICA assigned away its interest in the mortgage recorded at book 9288 page 1799 in the Orange County Official Records, therefore it no longer fall [sic] under the purview of Florida Statute § 718.116(l)(b)(l) but rather falls under the purview of Florida Statute § 718.116(l)(a).
Bank of America thereafter filed a motion for summary final judgment on Counts I and II, and for attorney’s fees and costs. On September 11, 2012, the trial court conducted a hearing on Bank of America’s motion for summary final judgment.
At the hearing, Bank of America’s coun *612 sel argued that “Freddie Mac”[1] brought the foreclosure action “as servicer on behalf of Bank of America.” He asserted: “So this is actually a case where Bank of America still owns the note and mortgage. Freddie Mac owns it — or holds it for the— for the sake of actually filing this foreclosure.” Bermuda Dunes’ counsel countered that there existed a dispute of fact regarding the capacity in which Bank of America took title to the property, and additionally that it seemed as if Bank of America was “just a third party” when it took title via the foreclosure. He asserted: “There’s no documents to suggest that Bank of America has any remaining interest in this note and mortgage. In fact, the document suggests to the contrary, that Bank of America has assigned that interest to somebody else. So they’re no longer the first mortgagee.”
The trial court interjected: “I’ve got to look at the record evidence. What is in the record to show that Freddie Mac was the servicer for the Plaintiff versus an asignee [sic]?” Bank of America’s counsel pointed out that he had asked the trial court to take judicial notice of the underlying foreclosure, asserting: “So the Court is permitted to take judicial notice of the entire court file. In that court file, there’s an assignment of mortgage to Freddie Mac from Bank of America allowing Freddie Mac to bring the foreclosure on their behalf.”
Referencing paragraph 5 of the complaint in the underlying foreclosure action as well as the assignment of mortgage, Bermuda Dunes’ counsel asserted:
It appears to be Counsel’s position that Federal Home Loan Mortgage, or Freddie Mac, as in Paragraph 5 ... states that plaintiff, as the servicer for the owner and acting on behalf of the owner with the authority to do so, is the present designated holder of the note and the mortgage with authority to pursue this action.
So you have an allegation that says the present designated holder is Freddie Mac. You have an assignment that says that Bank of America does hereby bargain, assign, grant, sell, et cetera, et cetera.
Additionally, he asserted:
But then there’s a — there’s a mysterious other document out there, Your Honor, that we don’t have in front of us that’s not part of the evidence that — that automatically transfers back whatever interest that Freddie Mac had in the note and the mortgage back to Bank of America. That’s what Counsel’s arguing. And there — there’s nothing that supports that.
The trial court said: “What I think they’re arguing is that basically Freddie Mac was their agent for the purpose of the foreclosure. Once they completed then-task, it returned back. They stepped aside.” Bermuda Dunes’ counsel inquired: “Where’s the documents that support that sort of relationship?” He added:
The — the documents that are of the record state you have an allegation in a mortgage foreclosure complaint, and you have a — not a contingent assignment. You have a pure assignment of mortgage from Bank of America to Freddy [sic] Mac. There’s nothing in there that says this assignment becomes null and void upon the foreclosure sale or this automatically reverts back. I mean, you can get into some pretty complicated secured transactions where you can have all kinds of contingencies like that.
Bank of America’s counsel asserted:
Your Honor, this case that I’ve put on *613 the record, Oriole Golf & Tennis Club[2] is this set of facts to a T. The only difference is in this case it was Fannie Mae instead of Freddie Mac, but we’re dealing with the same pattern here. And essentially, what the case discusses is that you don’t actually have to be the owner and holder when you bring— when you bring the foreclosure, the ser-vicer can act on behalf of the actual first ... mortgagee; and there doesn’t need to be another document advancing the rights back to the original mortgagee. The servicer brings the foreclosure. That’s the point of the fore — of—of their servicing rights. It’s in their pooling and servicing agreement that is really not necessary for—
Upon being asked by the trial court “where is it in the record,” Bank of America’s counsel pointed to the assignment of mortgage as well as the mortgage. Bermuda Dunes’ counsel confirmed, upon inquiry by the trial court, that Bermuda Dunes agreed for purposes of the hearing that the documents were authentic. With respect to the documents, Bank of America’s counsel asserted: “The fact that the mortgage, which is already part of the record, Your Honor, shows that my client is the first mortgagee. The statute does not require that the first mortgagee actually bring the foreclosure. It only requires that it take — it take via foreclosure
The trial court granted Bank of America’s motion for summary judgment, providing:
All right. All right. I’m going to grant the summary judgment because you’ve stipulated to the authenticity of the records; but I’ll just tell you, technically, I think the information that’s there to support your motion for summary judgment, the way on — on how I read the language of the statute, my concern is you haven’t dotted your I’s and crossed your T’s in making your record, okay?
But because opposing counsel has stipulated to the authenticity of the records that I can consider before this, I'll grant it, okay?
Upon request by counsel for Bermuda Dunes, the trial court elaborated:
Yeah. I — well—and as I read the statute, the plain reading of the statute, I think it permits the first mortgage — the first mortgagee, in this case the Plaintiff, to pursue this action through a ser-vicer or a company such as Freddie Mac or Fannie Mae. I don’t think that eliminates Bank of America’s, in this situation, right to pursue it, okay, under 718.116.
When asked by Bermuda Dunes’ counsel: “In their capacity as an — as the original lender; is that what you’re saying?,” the trial court responded: “Correct, as the first mortgagee.”
On September 27, 2012, the trial court entered summary final judgment in favor of Bank of America, providing in part:
1. Plaintiffs Motion for Summary Final Judgment on Counts 1 and 2, Attorney’s Fees and Costs, and Affidavit in Support Thereof is GRANTED.
[[Image here]]
4. That per Rule 1.510, the Plaintiff, is seeking a Summary Final Judgment against the Defendant.
5. There are no genuine issues of material fact in this case wherefore the only determination for the Court to make is *614 whether the Defendant has failed to comply with Florida Statute 718.116.
6. Plaintiff is an assignee of the first mortgagee by virtue of an Assignment of Mortgage recorded on August 26, 2009, in Official Records Book 23410, at page 639, of the Public Records of Orange County.[3] The unpaid assessments due to Defendant is limited by Fla. Stat. § 718.116(l)(b), to the lesser of twelve months of unpaid common expenses or one percent of the original mortgage debt.
7. Plaintiff acquired the property located at 7250 Westpointe Blvd., # 1024, Orlando, Florida (hereinafter “the Property”), by virtue of a Certificate of Title recorded on November 2, 2011 in Official Records Book 10289 at Page 2008 of the Public Records of Orange County....
8. That Plaintiff, as a successor or as-signee of the first mortgagee of the foreclosed Property, is protected under Fla. Stat. § 718.116(l)(b) and required to pay the Defendant the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments which came due or accrued before Plaintiffs acquisition of title and which were not paid by the previous owner.
[[Image here]]
11. Defendant stipulated to the authority of the documents presented by the Plaintiff in support of its Motion for Summary Final Judgment.
12. This Court finds that the Plaintiff is entitled to Summary Final Judgment that is limited to the amount specified in this Judgment.
(Emphasis added).
The protection provided under section 718.116(l)(b)l., Florida Statutes, which limits the liability for unpaid condominium unit assessments, forms the basis for Bank of America’s amended complaint. Section 718.116(l)(b)l. provides:
The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee’s acquisition of title is limited to the lesser of:
a. The unit’s unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.
Bermuda Dunes contends that there exists a material issue of fact regarding the capacity in which Bank of America took title to the condominium unit. Bank of America asserts that it is undisputed that (1) Bank of America was the first mortgagee, (2) Federal Home Loan Mortgage Corporation brought the foreclosure action as servicer of the note and mortgage on behalf of Bank of America, and (3) Bank of America never gave up its ownership of the note and mortgage. However, review of the mortgage, assignment of mortgage, and final judgment of foreclosure, as well *615 as the certificate of title, all of which are contained in the record as attachments to Bank of America’s amended complaint, reveal the following chronological facts: (1) Bank of America was the first mortgagee, (2) Bank of America assigned the mortgage and note to Federal Home Mortgage Corporation, (B) the trial court entered final judgment of foreclosure in favor of Federal Home Loan Mortgage Corporation,[4] and (4) Bank of America took title to the condominium unit as a result of the unit being sold to it for the price of $40,500.00.
First, although Bank of America argued below that it took title to the condominium unit through foreclosure as the first mortgagee based upon its assertion that it merely assigned to Federal Home Mortgage Corporation the right to service the mortgage, it did not carry its burden of presenting evidence of such. The assignment of mortgage simply reveals that Bank of America assigned the mortgage and note to Federal Home Mortgage Corporation, including all of the attendant rights and obligations. The key is who had rights and obligations under the mortgage at the time of foreclosure, whether as a first mortgagee or as a successor or assignee. If that entity takes title to the condominium unit by the foreclosure, its liability for unpaid, past-due assessments is limited pursuant to section 718.116(l)(b)l. Here, based upon the record evidence, the entity having rights and obligations under the mortgage at the time of foreclosure was Federal Home Loan Mortgage Corporation as assignee of the mortgage, not Bank of America. Although Bank of America took title to the condominium unit by foreclosure, the record does not show that it did so as first mortgagee.
Although the affidavit filed in support of Bank of America’s motion for summary judgment contains the sworn statement that the final judgment of foreclosure was entered, granting Bank of America a lien in the foreclosed amount, the final judgment of foreclosure that is in the record refutes the sworn statement. In the final judgment of foreclosure, Plaintiff, named as “FEDERAL HOME LOAN MORTGAGE CORPORATION, C/O BANK OF AMERICA MORTGAGE, 475 CROSS-POINT PARKWAY, GETZVILLE, N.Y. 14068-9000,” was granted the lien. The confusion in this record is compounded by the fact that the trial court’s order contains an express finding that Bank of America was an assignee of the first mortgagee and, as such, is protected by section 718.116(l)(b). Bank of America concedes on appeal that this key finding of the judgment is a “factual misunderstanding or misstatement” by the trial court because the assignment is from Bank of America to Federal Home Mortgage Corporation. There indeed is no suggestion in the record that Bank of America is an assignee or successor of the first mortgagee. It appears, however, that the provenance of this “mysterious” factual “misunderstanding” or “misstatement” by the trial court has its source in the very complaint Bank of America filed to commence this action where, in paragraphs 8 and 13, Bank of America expressly alleged that Bank of America is “an assignee of the first mortgagee” by virtue of the assignment attached to the complaint. This is the assignment that shows Bank of America to be the assignor to Federal Home Mortgage Corporation.
*616 Bank of America alternatively asserts that, even if the assignment of mortgage transferred to Federal Home Mortgage Corporation all of its rights and obligations as first mortgagee, section 718.116, Florida Statutes, did not require it to hold the mortgage at the time Federal Home Loan Mortgage Corporation initiated the foreclosure action; it was sufficient that, once upon a time, it was the first mortgagee. Although Bank of America asserts that Bermuda Dunes “fails to point to any requirement in the statute that the ownership of the mortgage at issue be continuous,” it is necessarily the entity having rights and obligations under the mortgage at the time of foreclosure, whether as a first mortgagee or as a successor or as-signee, that is the key factor. If Bank of America assigned away its rights as first mortgagee, it is no longer the first mortgagee and is not entitled to the benefit of the statute. Here, based on the current record, the Federal Home Loan Mortgage Corporation has succeeded Bank of America as the first mortgagee. The trial judge should have trusted her first instincts. To say that Bank of America had not “dotted their i’s and crossed their t’s” in making a record to support judgment in their favor is an understatement. It was error to enter summary final judgment in favor of Bank of America.
REVERSED and REMANDED.
EVANDER and BERGER, JJ., concur.

. Federal Home Loan Mortgage Corporation is referred to as "Freddie Mac.”

. Oriole Golf & Tennis Club Condo. One J Ass'n, Inc. v. Calbo, No. 03-CIV-21883, 2004 WL 6039691 (S.D.Fla. Jan. 22, 2004).

. Attached to the amended complaint is an assignment of mortgage, dated December 9, 2009, which bears a stamp with a recording date of "1/06/2010.”

. While the assignment of mortgage names "Federal Home Mortgage Corporation” as the assignee, and the final judgment of foreclosure names "Federal Home Loan Mortgage Corporation” as the "Plaintiff,” it appears that the entities are one in the same.