NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRITTANY'S PLACE CONDOMINIUM           )
ASSOCIATION, INC.,                     )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D15-3444
                                       )
U.S. BANK, N.A.,                       )
                                       )
            Appellee.                  )
_____)

Opinion filed October 5, 2016.

Appeal from the Circuit Court for Pinellas
County; Jack Day, Judge.

Jacob A. Brainard, Scott C. Davis, Candice
J. Gundel, and Jacob Bair of Business Law
Group, P.A., Tampa, for Appellant.

Alexzander D. Gonano of Gonano &
Harrell, Fort Pierce; and Avri S. Ben-Hamo
and Steven B. Greenfield of Aldridge & Pite,
LLP, Boca Raton, for Appellee.


BLACK, Judge.

            In this appeal, Brittany's Place Condominium Association, Inc., challenges

the final summary judgment entered in favor of U.S. Bank, N.A.  The legal issue before

this court is whether ownership of the note and mortgage is essential to entitlement to

the limited liability for unpaid condominium assessments afforded by section 718.116(1)(b), Florida Statutes (2013) (the safe harbor provision). That is, in this case, whether U.S. Bank, as the holder of a note and mortgage who is not also the owner, having foreclosed on the property and purchased it at the foreclosure sale, is entitled to the benefit of the safe harbor provision. We affirm the final summary judgment and conclude that ownership of the note and mortgage is not determinative of entitlement to the limited liability of the safe harbor provision in all instances.

In 2009, U.S. Bank filed a foreclosure action naming Jose Gonzalez, as the mortgagor in default, and all interested parties—including Brittany's Place—as defendants. In the foreclosure complaint, U.S. Bank alleged that it was the holder of the note and mortgage and the servicer for the owner of the note and mortgage, acting on behalf of and with the authority of the owner. The record establishes that U.S. Bank was in possession of the note indorsed in blank, and it is undisputed that Federal Home Loan Mortgage Corporation (Freddie Mac) owned the note and first mortgage.

A final judgment of foreclosure was entered in favor of U.S. Bank, and U.S. Bank purchased the property at the foreclosure sale, taking title to the property in its own name. Thereafter, it requested an estoppel letter from Brittany's Place to determine the amount of past due condominium assessments, but the parties could not agree on the extent of U.S. Bank's liability for the unpaid assessments. As a result, Brittany's Place filed a lien foreclosure complaint against U.S. Bank. U.S. Bank counterclaimed, seeking compliance with section 718.116(1)(b), as well as a declaration of the parties' rights under the statute and damages pursuant to section 718.303(1)(a). U.S. Bank filed a motion for summary judgment contending that although it was the

servicer and holder of the note and mortgage and not the owner, it was entitled to the limited liability of the safe harbor provision.

The trial court entered summary judgment in favor of U.S. Bank. The court found that there were no genuine issues of material fact and that U.S. Bank met the statutory requirements entitling it to limited liability under section 718.116(1)(b) as a matter of law.

We review an order granting summary judgment de novo. Deutsche Bank Nat'l Trust Co. v. Hagstrom, 41 Fla. L. Weekly D1671, D1672 (Fla. 2d DCA July 20, 2016). The trial court's interpretation of a statute is also reviewed de novo. Beltway Capital, LLC v. Green COA, Inc., 153 So. 3d 330, 332 (Fla. 5th DCA 2014) (first citing Fla. Dep't of Children & Family Servs. v. P.E., 14 So. 3d 228, 234 (Fla. 2009), then citing Kasischke v. State, 991 So. 2d 803, 807 (Fla. 2008)).

The statute at issue, section 718.116, is part of the Condominium Act, chapter 718, Florida Statutes. Subsection (1)(b), the limited liability or safe harbor provision of section 718.116, provides that "[t]he liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of" unpaid common expenses and regular assessments accrued during the twelve months before the acquisition of title or "one percent of the original mortgage debt." § 718.116(1)(b)(1)(a), (b). The reduced liability is only available if the association was joined as a defendant in the foreclosure action. § 718.116(1)(b)(1)(b). Thus, the statute has three requirements for entitlement to limited liability: (1) the first mortgagee must have named the association as a defendant in the

foreclosure action; (2) title must have been acquired through foreclosure or deed in lieu of foreclosure; and (3) the entity which acquired title must have been the first mortgagee or its successor or assignee. Brittany's Place contends only that U.S. Bank does not satisfy the third requirement of the statute because it interprets "first mortgagee or its successor or assignees" as necessitating ownership of the loan.[1] Brittany's Place asks this court to reverse the final summary judgment in favor of U.S. Bank by determining, as a matter of law, that ownership of the note and mortgage is a requirement for U.S. Bank to be entitled to limited liability under section 718.116.

"[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Knowles v. Beverly Enters.-Fla., Inc., 898 So. 2d 1, 5 (Fla. 2004) (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)). The statute's plain language contemplates that limited liability may apply to an entity taking title via foreclosure or deed in lieu of foreclosure if it falls into one of two categories: first mortgagees or their successors or assignees. To conclude otherwise would limit the statute's express terms, which the court does not have the power to do. See Holly, 450 So. 2d at 219 ("[C]ourts of this state are without power to construe an unambiguous statute in a way which would extend, modify, or *limit,* its express terms or its *reasonable and obvious*

_____

[1]Brittany's Place refers to ownership of the loan throughout its argument. Based on the definitions of note and mortgage and the language of the statute at issue, we construe the use of the word loan to mean the note and mortgage together. Because "a mortgage is but an incident to the debt," ownership of the mortgage is not severable from ownership of the debt—the note. See Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1118 (Fla. 2d DCA 2011) (quoting Johns v. Gillian, 184 So. 140, 143 (1938)).

*implications.*  To do so would be an abrogation of legislative power." (quoting Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So. 2d 777, 778 (Fla. 1st DCA 1968))).  We are asked to determine whether ownership of the note and mortgage is a requirement of either category.

The starting point for our analysis is the text of section 718.116.  See Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 198 (Fla. 2007).  Neither the safe harbor provision nor the Condominium Act define first mortgagee.  As a result, we "must resort to canons of statutory construction in order to derive the proper meaning." Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So. 2d 201, 204 (Fla. 2003) (quoting Seagrave v. State, 802 So. 2d 281, 286 (Fla. 2001)).  "One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the legislature."  Id. (quoting Green v. State, 604 So. 2d 471, 473 (Fla. 1992)). "[I]t is axiomatic that all parts of a statute must be read *together* in order to achieve a consistent whole.  Where possible, courts must give full effect to *all* statutory provisions and construe related statutory provisions in harmony with one another."  Knowles, 898 So. 2d at 6 (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992)).

In our recent examination of another provision of section 718.116, this court identified a first mortgage as the mortgage having priority over all other mortgages on the property.  Bank of Am., N.A. v. Kipps Colony II Condo. Ass'n, 41 Fla. L. Weekly D1657, D1658-59 (Fla. 2d DCA July 15, 2016) (discussing priority of interests under Florida statutes); see also First mortgage, Black's Law Dictionary (10th ed. 2014) ("A

- 5 -

mortgage that is senior to all other mortgages on the same property."). And because under Florida law a mortgage is "a specific lien on the property therein described," § 697.02, Fla. Stat. (2014), a mortgagee is an entity "holding a mortgage lien," § 721.82(7), Fla. Stat. (2014).[2] Thus a first mortgagee is the holder of the mortgage lien with priority over all other mortgages. The Fifth District reached the same conclusion. Beltway Capital, 153 So. 3d at 333 ("The modifier 'first' [in first mortgagee] refers to priority of lien, not necessarily to the first in time.").

And although the statute does not define first mortgagee, it does define "successor or assignee": "the term 'successor or assignee' as used with respect to a first mortgagee includes only a <u>subsequent</u> holder of the first mortgage." § 718.116(1)(g) (emphasis added). The statutorily provided definition of successor or assignee—a <u>subsequent</u> holder of the first-in-priority mortgage—therefore informs our interpretation of the undefined first mortgagee. Reading the statute as a whole and giving effect "to every word, phrase, sentence, and part of the statute," the first mortgagee must be a <u>prior</u> holder of the priority mortgage. See Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc., 948 So. 2d 599, 606 (Fla. 2006) (quoting Hechtman v. Nations Title Ins. of N.Y., 840 So. 2d 993, 996 (Fla. 2003)); see also Scherer v. Volusia Cty. Dep't of Corr., 171 So. 3d 135, 139 (Fla. 1st DCA 2015) ("No part of a statute, not even a single word, should be ignored, read out of the text, or rendered meaningless, in construing the provision."). That is, in order to give subsequent holder meaning and not

---

[2]Chapter 721, governing timeshares, contains a similar safe harbor provision. § 721.15(8) (exempting "a first mortgagee or its successor or assignee who acquires title to a timeshare interest as a result of the foreclosure of the mortgage or by deed in lieu of foreclosure of the mortgage" from unpaid assessments).

render it superfluous, there must have been a prior holder.  See Heart of Adoptions, 963 So. 2d at 198-99 (stating that a word may not be "construed in isolation if to do so would render other sections of the chapter meaningless" and "courts should avoid readings that would render part of a statute meaningless"); Knowles, 898 So. 2d at 13 ("Statutory interpretations that render statutory provisions superfluous are, and should be, disfavored." (Cantero, J., concurring) (quoting Hawkins v. Ford Motor Co., 748 So. 2d 993, 1000 (Fla. 1999))).[3]

It is undisputed in this case that U.S. Bank was not the owner of the note and mortgage at the time of entry of the final judgment of foreclosure.[4]  Cf. Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1118 (Fla. 2d DCA 2011) ("Bayview also became the equitable owner of the mortgage when USMoney [i]ndorsed the note to Bayview because the ownership of the mortgage followed the note.").  The record establishes—and it is undisputed—that U.S. Bank held the note and first mortgage when the final judgment was entered.  The record further establishes that U.S. Bank was not the originating lender and that entities other than U.S. Bank held the note and first mortgage prior to U.S. Bank.  Therefore, based on the record before us, it is clear

_____

[3]As a result, while we agree with the Fifth District's holding in Beltway Capital that a first mortgage is the mortgage having priority over all other mortgages, to the extent Beltway Capital conflates the two categories to which the statute may apply, we disagree with its interpretation of the statute.

[4]The status of the entity acquiring title at the time of final judgment of foreclosure is critical "because the note and mortgage merge into the foreclosure judgment."  See Aluia v. Dyck-O'Neal, Inc., 41 Fla. L. Weekly D1660, D1661 (Fla. 2d DCA July 15, 2016); cf. Bermuda Dunes Private Residences v. Bank of Am., 133 So. 3d 609, 615 (Fla. 5th DCA 2014) ("The key is who had rights and obligations under the mortgage at the time of foreclosure, whether as a first mortgagee or as a successor or assignee.")

that U.S. Bank was a non-owner, subsequent holder of the first mortgage and would be entitled to limited liability under the safe harbor provision only if ownership of the note and mortgage is not a requirement for subsequent holdership.[5]

Unlike a note, a mortgage is not a negotiable instrument to which Florida's Uniform Commercial Code (UCC) definition of holder applies. See Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d 58, 61 (Fla. 4th DCA 2012) ("A mortgage is not a 'negotiable instrument,' a 'security,' 'or any other writing that evidences a right to the payment of money.' " (quoting § 90.953(1), Fla. Stat. (2010))). In this regard, a first mortgagee's successor or assignee—a subsequent holder of the first mortgage—is not entirely unambiguous, and we look to the plain and ordinary meaning of holder to construe it. "When necessary, the plain and ordinary meaning of words can be ascertained by reference to a dictionary." Nehme, 863 So. 2d at 205 (quoting Seagrave, 802 So. 2d at 286); see also L.B. v. State, 700 So. 2d 370, 372 (Fla. 1997) ("[A] court may refer to a dictionary to ascertain the plain and ordinary meaning which the legislature intended to ascribe to the term."). "Words of common usage, when used in a statute, should be construed in the plain and ordinary sense, because it must be assumed that the [l]egislature knows the plain and ordinary meaning of words used in statutes and that it intended the plain and obvious meaning of the words used." Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So. 2d 1216, 1225 (Fla. 2006).

---

[5]We need not reach the question of whether ownership is a requirement to qualify as a first mortgagee under the statute because the facts of this case do not require that we do so.

A mortgage is a lien, and a mortgagee is a lienholder. A lienholder is defined as "[a] person having or owning a lien." Lienholder, Black's Law Dictionary (10th ed. 2014). Holder is otherwise defined as a person that "holds" as an owner or "a person in possession of and legally entitled to receive payment of a bill." Merriam-Webster's Collegiate Dictionary 592 (11th ed. 2014). "To hold" means "to have possession or ownership of or have at one's disposal." Merriam-Webster's Collegiate Dictionary 592 (11th ed. 2014). Based on these definitions, a holder of a non-negotiable instrument may be an owner or a possessor of the instrument.

We reach the same conclusion applying the UCC definition of holder: "[t]he person in possession of the [note] that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2014). Under the UCC, a holder is an entity entitled to enforce the note, and "[e]nforcement rights are independent of ownership of the note." Hagstrom, 41 Fla. L. Weekly at D1672 n.2. Our conclusion that ownership is not essential to a successor or assignee's entitlement to limited liability under section 718.116(1)(b) is bolstered by the fact that the legislature did not use the word owner to restrict limited liability to only owners of the first mortgage (or note).

Because both parties, in varying degrees, rely upon Beltway Capital and Bermuda Dunes Private Residences v. Bank of America, 133 So. 3d 609 (Fla. 5th DCA 2014), for their respective arguments, we address each case briefly. Brittany's Place argues that ownership is essential to limited liability under the statute by reading Bermuda Dunes to conclude that once the first mortgagee assigned the note and mortgage to another entity it was no longer the owner of the mortgage and therefore not

entitled to limited liability under section 718.116(1). We do not read Bermuda Dunes as having reached that conclusion. The court in Bermuda Dunes reversed the order granting summary judgment based on the existence of a disputed material fact. 133 So. 3d at 616.

The issue in Beltway Capital was whether the trial court correctly interpreted "first mortgagee or its successor or assignees" to mean "the original lender, the lender's [direct] successor, and the lender's [direct] assignee." 153 So. 3d at 333. Although the Fifth District initially stated that "a first mortgagee is simply one who owns and holds the note or first mortgage," it later defined a first mortgagee as "simply one who holds the first mortgage, whether that be the original lender or a subsequent holder." Id. at 331, 333. Both Beltway Capital and Bermuda Dunes are procedurally distinguishable and neither of them answers the legal question before this court.

Finally, it is noteworthy that several months after Beltway Capital was decided, the Fifth District stated in dicta that the trial court properly found that a servicer who was the holder, but not the owner, of the note and mortgage qualified for safe harbor when it met the other requirements of the statute. Central Park A Metrowest Condo. Ass'n v. Amtrust REO I, LLC, 169 So. 3d 1223, 1224 (Fla. 5th DCA 2015). The trial court's finding would only be correct if the term successor or assignees—subsequent holders of the first mortgagee—is not limited to ownership of the note and first mortgage.

Because we conclude that a successor or assignee of the first mortgage otherwise entitled to the limited liability of section 718.116(1)(b) need not also be an

owner of the note and mortgage at the time of foreclosure, we affirm the order granting final summary judgment.

Affirmed.

VILLANTI, C.J. and LUCAS, J., Concur.