# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-926
Lower Tribunal No. 16-2402
_____

**Hemingway Villa Condominium Owners Association, Inc.,**
Appellant,

vs.

**Wells Fargo Bank, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Paul A. McKenna & Associates, P.A. and Andrew H. Braaksma, for appellant.

Aldridge & Pite, LLP and Avri S. Ben-Hamo and Steven B. Greenfield (Boca Raton), for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Hemingway Villa Condominium Owners Association, Inc. ("the Association"), the defendant below, appeals from a final summary judgment entered in favor of Wells Fargo Bank, N.A., the plaintiff below. We affirm.

The lawsuit below stemmed from a foreclosure action filed against a unit owner in the Hemingway Villa Condominium. The foreclosure was filed by JP Morgan Chase Bank, the then-servicer and holder of the note, acting on behalf of the Federal National Mortgage Association ("Fannie Mae"), the owner of the loan in the foreclosure action. The Association was named as a defendant in the foreclosure action. Final judgment of foreclosure was later entered in favor of JP Morgan.

Fannie Mae was the successful bidder at the foreclosure sale, and took title to the unit. Shortly thereafter, Fannie Mae, through its subsequent servicer, Wells Fargo, sought to sell the unit and requested an estoppel certificate from the Association in order to determine the amount of unpaid assessments, and specifically sought the "Safe Harbor" amounts pursuant to section 718.116(1)(b)1., Florida Statutes (2017).[1] The Association issued a letter in response, but failed to

_____

[1] Section 718.116(1)(a), Florida Statutes (2017), makes a condominium unit owner liable not only for association assessments that come due while he or she is the owner, but also "jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title." However, subsection (1)(b), known as the "Safe Harbor" provision, provides a limitation to this joint and several liability for past unpaid assessments, capping the potential liability of a "first mortgagee or its successor or assignees." That subsection provides:

2

account for the Safe Harbor protection offered to first mortgagees under section 718.116(1)(b). When the Association refused to revise the estoppel certificate, Wells Fargo paid the assessment amounts under protest with a reservation of all rights, later determining that the payment was in excess of the assessments it was required to pay pursuant to the Safe Harbor provisions.[2]

Wells Fargo then filed a complaint in circuit court which sought, inter alia, compliance with and entitlement to the Safe Harbor provisions of section 718.116(1)(b) and damages against the Association for unjust enrichment. Wells Fargo later moved for summary judgment, which was supported by affidavits, and asserted that Wells Fargo established all of the requisites for relief under the Safe

The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:

a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.

[2] The Association demanded payment of $22,411.13, but one percent of the original mortgage would amount to only $1,232.80, plus any assessments subsequent to Fannie Mae taking title.

Harbor provisions. Following a hearing, the trial court granted Wells Fargo's motion and entered final summary judgment in its favor. This appeal followed.

On appeal, the Association contends that summary judgment was improperly entered because there remained a disputed issue of material fact regarding who actually owned the loan, and asserts that, during the relevant time period in question, JP Morgan (and not Fannie Mae) owned the loan such that Fannie Mae was not entitled to safe harbor under section 718.116(1)(b).

Upon our de novo review, Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000), we hold that the trial court correctly determined no genuine issue of material fact existed; that Wells Fargo established Fannie Mae owned the loan at all relevant times from 2007 through the sale of the unit in 2013; and that all of the remaining requirements of section 718.116 had been met, entitling it to the Safe Harbor provisions.

We find the instant case indistinguishable on its relevant facts from our sister court's decision in Beltway Capital, LLC v. Greens COA, Inc., 153 So. 3d 330 (Fla. 5th DCA 2014). We agree with Beltway's holding, applicable here, that, as the owner of first mortgage, Fannie Mae was the "first mortgagee" as required by the Safe Harbor provision, without regard to whether it was also an assignee. Id. at 333. The term "first mortgagee" "is simply one who holds the first

mortgage, whether that be the original lender or a subsequent holder." Id.[3] The

trial court correctly entered final summary judgment in favor of Wells Fargo.

Affirmed.

---

[3] The Association's reliance on <u>Bermuda Dunes Private Residences v. Bank of America</u>, 133 So. 3d 609 (Fla. 5th DCA 2014) is misplaced; the summary judgment in that case was reversed because, unlike the instant case, Bank of America failed to carry its burden of establishing no genuine issue of material fact existed:

> [A]lthough Bank of America argued below that it took title to the condominium unit through foreclosure as the first mortgagee based upon its assertion that it merely assigned to Federal Home Mortgage Corporation the right to service the mortgage, <u>it did not carry its burden of presenting evidence of such</u>. The assignment of mortgage simply reveals that Bank of America assigned the mortgage and note to Federal Home Mortgage Corporation, including all of the attendant rights and obligations. The key is who had rights and obligations under the mortgage at the time of foreclosure, whether as a first mortgagee or as a successor or assignee. If that entity takes title to the condominium unit by the foreclosure, its liability for unpaid, past-due assessments is limited pursuant to section 718.116(1)(b)1. Here, based upon the record evidence, the entity having rights and obligations under the mortgage at the time of foreclosure was Federal Home Loan Mortgage Corporation as assignee of the mortgage, not Bank of America. <u>Although Bank of America took title to the condominium unit by foreclosure, the record does not show that it did so as first mortgagee.</u>

Id. at 615 (emphasis added).