NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUAN MESEN,                                     )
a/k/a JUAN OSCAR MESEN,                         )
                                                )
       Appellant,                           )
                                                )
v.                                              )       Case No. 2D16-4971
                                                )
STATE OF FLORIDA,                               )
                                                )
       Appellee.                            )
_____ )

Opinion filed May 3, 2019.

Appeal from the Circuit Court for Pinellas
County; Chris Helinger, Judge.

Chris Westmoreland, Clearwater; and
Donald J. Kilfin of The Kilfin Law Firm, P.C.,
St. Petersburg, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, Susan D. Dunlevy, Assistant
Attorney General, and Helene S. Parnes,
Senior Assistant Attorney General
(substituted as counsel of record), Tampa,
for Appellee.


ATKINSON, Judge.

       Juan Mesen appeals his conviction and sentence for lewd or lascivious

exhibition in the presence of an elderly or disabled person.  He argues that the trial

court erred in denying his motion for judgment of acquittal because the State failed to

introduce sufficient evidence to prove that he exposed his genitals to the victim because there was no testimony that his genitals were visible. We agree and reverse.

On October 1, 2013, two employees were driving back to a nursing facility following their lunch break when they saw Mr. Mesen with a woman in a wheelchair on a sidewalk just past the facility's private driveway. This area was not visible from the facility. They circled back to get another look at the situation and ultimately parked across the street. They saw Mr. Mesen's pants unzipped and the victim's arm extending into his pants, moving back and forth, but they could not see the victim's hand. His pants were not pulled down; they may have been unbuttoned but were definitely unzipped. Neither witness saw his genitals.

Mr. Mesen denied any wrongdoing, claiming that he took the elderly dementia patient off-site so she could get some fresh air and sunshine. He said that he had been doing range-of-motion exercises with her, like the ones that he did with his wife, who was also a resident at the facility. He said that his fly was down because he had been experiencing urinary issues, including leakage and the frequent urge to relieve himself. Three months prior to the incident, he visited his urologist complaining of those symptoms. Although an investigating officer testified that Mr. Mesen initially said nothing happened with the victim that could have been misconstrued by the witnesses, Mr. Mesen subsequently admitted to the officer that the victim touched him on her own, reaching out and squeezing a fist over his genitals while his pants were on before he immediately stepped back.

The State charged Mr. Mesen with two crimes arising out of this incident— lewd or lascivious battery upon an elderly or disabled person, in violation of section

825.1025(2)(a), Florida Statutes (2013), and lewd or lascivious exhibition in the presence of an elderly or disabled person, in violation of section 825.1025(4)(a). Notably, Mr. Mesen was not charged with lewd or lascivious molestation of an elderly or disabled person. That crime is limited to cases in which the defendant intentionally touches the victim's breasts, genitals, genital area, buttocks, or the clothing covering those areas, in a lewd or lascivious manner; it does not encompass the converse—the victim touching the defendant. See § 825.1025(3)(a).

" 'Lewd or lascivious exhibition in the presence of an elderly person or disabled person' occurs when a person, in the presence of an elderly person or disabled person," "knows or reasonably should know that the elderly person or disabled person either lacks the capacity to consent or fails to give consent to having such act committed in his or her presence" and:

> 1. Intentionally masturbates;
> 2. Intentionally exposes his or her genitals in a lewd or lascivious manner; or
> 3. Intentionally commits any other lewd or lascivious act that does not involve actual physical or sexual contact with the elderly person or disabled person, including but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity[.]

§ 825.1025(4)(a) (emphasis added).

Mr. Mesen stipulated that the victim was elderly or disabled and that he knew or reasonably should have known that she lacked the capacity to consent. He moved for a judgment of acquittal on both counts. The trial court granted his motion as to the lewd or lascivious battery count, finding no evidence that Mr. Mesen encouraged, forced, or enticed the victim to engage in sexual activity, which is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or

- 3 -

vaginal penetration of another by any other object." § 825.1025(1). However, the trial court denied the motion as to the second count, lewd or lascivious exhibition in the presence of an elderly person or disabled person. The jury found Mr. Mesen guilty, and the trial court denied his renewed motion for judgment of acquittal.

A denial of a motion for judgment of acquittal is reviewed de novo. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). Statutory interpretation is a question of law also subject to de novo review. Acevedo v. State, 218 So. 3d 878, 879 (Fla. 2017). A claim of insufficient evidence fails as long as "there is substantial competent evidence to support the verdict and judgment." Spinkellink v. State, 313 So. 2d 666, 671 (Fla. 1975). The State contends in its brief that the "exposes" element of lewd or lascivious exhibition can be satisfied by the inference that the defendant exhibited his genitalia to the victim "through her sense of touch" by "situating his groin area extremely close to her and well within her reach and unzipping his shorts," allowing her to place her hand on his genitals—"whether directly or on top of his underwear."

Courts must afford statutory language "its plain and ordinary meaning, giving due regard to the context within which it is used." Hampton v. State, 103 So. 3d 98, 110 (Fla. 2012); see also Brittany's Place Condo. Ass'n, Inc. v. U.S. Bank, N.A., 205 So. 3d 794 (Fla. 2d DCA 2016). A reasonable reader would understand "exhibition" by "exposure" to require that the defendant's genitals are visually observable—an ordinary meaning of those words that is all the more reasonable in light of their context in section 825.1025(4). Common uses of the word "expose" that do not entail visibility—e.g., exposure to radiation, exposure to the elements—might cast a scintilla of doubt on this interpretation but not after considering the other language of section 825.1025 and the

language of related statutes. Here, the word "exposes" cannot be understood to mean the mere exposure of covered genitals to another's touch. Cf. Ware v. State, 124 So. 3d 388, 391 (Fla. 1st DCA 2013) ("[O]ffenses involving the lewd exposure of sexual organs are akin to visual assault . . . .").[1]

The State argues that the "victim was exposed to Mesen's genitals via her hand, which was placed in his genital area beneath his outer clothing." The fact that the victim had her hand in the defendant's pants is merely incidental to what is proscribed by the statute, which criminalizes actions taken by the defendant, not the inducement of an action taken by the victim. The evidence supports only one action alleged to have been taken by the defendant: unzipping his fly within reach of a victim who is disabled or elderly, so as to place his genitals within reach of her touch without making them visible.

The State's contention that this conduct is within the meaning of "exposes" in section 825.1025(4) lacks intuitive sense in light of the language of the statute itself. Section 825.1025(4) contains a list of alternative acts, commission of any of which

---

[1] See expose, Oxford English Dictionary, http://www.oed.com/viewdictionaryentry/Entry/66705 (last visited Apr. 9, 2019) ("[T]o remove the covering of"). The plain and ordinary meaning of words can be ascertained by reference to a dictionary. Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So. 2d 201, 205 (Fla. 2003). However, various dictionary definitions of the word "exposes" do not definitively favor one party's interpretation over the other. See, e.g., expose, Oxford English Dictionary ("To place in an unsheltered or unprotected position"; "to leave without shelter or defence"; "To lay open (to danger, ridicule, censure, etc.)"; "to place in the way of something that would be better avoided"; "to render accessible or liable"; "To lay open to . . . the action or influence of"; "To present to view, put forth"; "To exhibit openly"; "to display to the public gaze"; "To disclose, display, allow to be seen"); expose, American Heritage Dictionary 625 (5th ed. 2011) ("[T]o subject or allow to be subjected to an action, influence, or condition; to make visible; to make known; or to engage in indecent exposure of (oneself)").

would constitute commission of the crime. The statute insists that these acts take place "in the presence" of the victim—a qualifier inconsistent with a crime that entails physical contact with the victim (which would necessarily have to be committed in the victim's presence) but consistent with an interpretation of "exposes" that involves actions intended to be observed by the victim. Id.

The State's interpretation of section 825.1025(4) is further undermined by a reading of that statute in pari materia with section 800.04, Florida Statutes (2013). Courts are required "to construe related statutes together so that they illuminate each other and are harmonized." McGhee v. Volusia County, 679 So. 2d 729, 730 n.1 (Fla. 1996); see also Anderson v. State, 87 So. 3d 774, 777 (Fla. 2012) (noting that when statutes relate to the same subject matter, the court must read those statutes together). These almost identical statutes relate to the same subject matter—the protection of vulnerable populations from lewd or lascivious conduct.

Section 800.04 protects minors and contains a lewd or lascivious exhibition provision nearly identical to the one pertaining to disabled and elderly victims. § 800.04(7). It also contains a similar provision relating to lewd or lascivious molestation, with one significant exception: it criminalizes forcing or enticing a minor to touch the perpetrator in addition to the intentional touching of a minor by the perpetrator. Compare § 800.04(5)(a) ("A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation." (emphasis added)), with § 825.1025(3)(a) (" 'Lewd or lascivious molestation of an elderly person or

disabled person' occurs when a person intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of an elderly person or disabled person when the person knows or reasonably should know that the elderly person or disabled person either lacks the capacity to consent or fails to give consent."). See also Sanders v. State, 101 So. 3d 373, 375 (Fla. 1st DCA 2012) (stating that section 800.04(5)(a) is violated either "1) by touching the victim in the proscribed manner, or 2) by forcing or enticing the victim to touch the person in the proscribed manner").

The legislature declined to include the same proscription in the elderly and disabled statute as it did in the minor statute. When the legislature has included a provision in one statute but omitted it in an analogous statute, courts should not read it into the statute from which it has been excluded. See Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So. 2d 911, 914 (Fla. 1995) (declining to "imply [a term] where it has been excluded" when the term was used in one section governing the implied warranty for developers but not another implied-warranty section governing contractors); see also Rollins v. Pizzarelli, 761 So. 2d 294, 299 (Fla. 2000) (explaining that "[j]ust as the legislative use of different terms in different portions of the same statute is evidence that different meanings were intended," the language of statutes in different chapters can be compared for the same purpose); Ocala Jockey Club, LLC v. Rogers, 981 So. 2d 1245, 1247 (Fla. 5th DCA 2008) (finding that language in one statute "reveal[ing] that the Legislature knows how to make provision" for an award of both actual and treble damages implied that another statute lacking such language did not permit both). Rather, courts must "presume that [the] legislature says in a statute what it means and

means in a statute what it says there." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253–54 (1992); see also Cason v. Fla. Dep't of Mgmt. Servs., 944 So. 2d 306, 315 (Fla. 2006) ("[W]e have pointed to language in other statutes to show that the Legislature 'knows how to' accomplish what it has omitted in the statute in question." (quoting Rollins, 761 So. 2d at 298)).

Some might find it perplexing that the legislature did not choose to protect elderly or disabled people from being forced or enticed to touch someone's genitals as it did people under sixteen. Defense counsel even suggested during his judgment-of-acquittal argument that he thought that the legislature's omission of the reciprocal language was not intentional.[2] But unless it can be said "with absolute confidence that no reasonable legislature would have intended for the statute to carry its plain meaning," courts should "presume that [our] legislature says in a statute what it means and means in a statute what it says there." Maddox v. State, 923 So. 2d 442, 452 (Fla. 2006) (alteration in original) (Cantero, J., dissenting) (quoting BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004)). The absurdity doctrine "exception to the plain meaning rule should not be used to avoid an unintended result, only an absurd or patently unreasonable one." Id. at 452–53. Cf. Stelmack v. State, 58 So. 3d 874, 877 (Fla. 2d DCA 2010) ("We do not mean to suggest that the possession of composite images of real children that simulate lewd [or] lascivious exhibition of the children's genitals should not be criminalized." (emphasis added)).

---

[2] "[I]t's not intentional. I believe it's a legislative oversight. It should be there. There's absolutely no reason why it should be in 800.0[4](5)(a) and not in [825.1025](3)(a)."

Other contextual indicators further undermine the State's interpretation that the word "exposes" does not require visibility. The name of the crime of which Mr. Mesen was convicted, "lewd or lascivious exhibition in the presence of an elderly person or disabled person," § 825.1025(4), uses a term that describes the act of making something visible: "exhibition."[3]

The doctrine of noscitur a sociis (a "word is known by the company it keeps") is relied upon "to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words." Cosio v. State, 227 So. 3d 209, 213 (Fla. 2d DCA 2017) (quoting Gustafson v. Alloyd Co., 513 U.S. 561, 575 (1995)). This canon of construction is applicable here, where the State is ascribing a meaning to a term ("exposure") that is more expansive than the term ("exhibition") used in the name of the crime the former word is used to describe. A meaning of the word "exposes" that includes merely exposure to a grasp through or under clothing cannot be employed to describe a term—"exhibition"—that indicates the presentation of something to another's viewing.

---

[3]Dictionary definitions of the word "exhibition" favor an interpretation of section 825.1025(4) that requires visibility. The American Heritage Dictionary defines "exhibition" as the act or an instance of exhibiting; the only relevant definitions of the verb "exhibit" indicate an act of making something visible: "**1.** To show outwardly; display: exhibited pleasure by smiling. **2a.** To present for others to see: rolled up his sleeve to exhibit the scar." Exhibition, American Heritage Dictionary 621 (5th ed. 2011); see also display, American Heritage Dictionary 521 (defining "display" as to "present to view; cause to be seen" and to "spread out; unfurl"); exhibition, Oxford English Dictionary, http://www.oed.com/viewdictionaryentry/Entry/66183 (last visited Apr. 9, 2019) ("The action of exhibiting, submitting for inspection, displaying or holding up to view; manifestation; visible show or display (of a feeling, quality, etc.)"; "Something that is exhibited; a display, sight, spectacle").

In addition to the exposure of one's genitals, "[l]ewd or lascivious exhibition in the presence of an elderly person or disabled person" proscribes masturbation.  See § 825.1025(4)(a)1.  It also proscribes "other lewd or lascivious act[s]"—including sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity—done in an elderly or disabled person's presence but without any "physical or sexual contact."  <u>See</u> § 825.1025(4)(a)3.  The language used to describe the other proscribed acts indicates the performance of lewd or lascivious activity in a manner that allows an elderly or disabled person to <u>observe</u> it.  <u>Noscitur a sociis</u> (also known as the associated-words canon) "dictates that 'words grouped in a list should be given related meaning.' "  <u>Dole v. United Steelworkers of Am.</u>, 494 U.S. 26, 36 (1990) (quoting <u>Massachusetts v. Morash</u>, 490 U.S. 107, 114–15 (1989)).  Thus, the word "exposes" should be understood to indicate visibility as well.  <u>See, e.g.</u>, <u>State v. Carrier</u>, 240 So. 3d 852, 858 (Fla. 2d DCA 2018) (applying <u>noscitur a sociis</u> to construe "alters" in context with "forges," "counterfeits," and "simulates," to mean that a person must "alter" a certificate in a way that makes "it false or deceptive in order to constitute a violation of the statute").[4]

_____

[4]Use of the word "other" in the catch-all provision of the exhibition subsection of section 825.1025 provides yet more compelling support for an interpretation that requires visibility:

> Intentionally commits any <u>other</u> lewd or lascivious act <u>that does not involve actual physical or sexual contact with the elderly person or disabled person</u>, including but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity[.]

§ 825.1025(4)(a)3. (emphasis added).  The word "other" only has meaning in relation to the preceding enumerated acts, which include exposure.  Use of the word "other" to indicate that the preceding enumerated acts are also "lewd or lascivious" would be

Nothing in the context of section 825.1025 suggests anything other than the ordinary understanding of "exhibition" by "exposure": making one's genitals observable by uncovering them. Thus, even when a defendant has facilitated a situation in which the victim is able to touch the defendant's covered genitals, he has not exposed them within the meaning of the statute unless his genitals are visible.

Although the evidence of Mr. Mesen's conduct might reasonably support a theory that Mr. Mesen "force[d] or entice[d]" the victim to touch his genitals "or the clothing covering them" under section 800.04(5)(a), that conduct is not proscribed by the statute pertaining to the type of victim in this case. The question of whether the legislature could "really have meant not to protect" elderly and disabled people from being forced or enticed to touch a person's covered genitals is a "riddle" that "is not ours to solve (if it can be solved at all)." See Republic of Argentina v. NML Capital, Ltd., 573

gratuitous, since the crime itself only encompasses "lewd or lascivious" exhibition and the subsection enumerates all the ways in which a "[l]ewd or lascivious exhibition" can "occur[.]" § 825.1025(4)(a). A reasonable reader would assume that the word "other" is instead being used to indicate that the preceding enumerated acts, including exposure, also "do[] not involve actual physical or sexual contact," § 825.1025(4)(a)3., since it would be needless to specify that, like the acts previously enumerated, these other acts must also be done in a lewd or lascivious manner. And it would be unreasonable to read the phrase "any other . . . act that does not involve actual physical or sexual contact" to mean that, while the previously enumerated acts ("masturbates" and "exposes") do include those that involve physical or sexual contact, the catch-all encompassing "any other" acts does not include any that involve physical or sexual contact. Id. Thus, to give effect to the word "other," it must be understood to indicate that, like the preceding acts, which include exposure of genitals, these other acts in the catch-all provision also do not involve actual physical or sexual contact with the victim. Cf. Potts v. Ctr. for Excellence in Higher Ed., Inc., 244 F. Supp. 3d 1138, 1142 (D. Colo. 2017) (concluding that "reading 'employee' to mean 'current employee' is especially fitting in light of § 3730(h)(1)'s catchall residual clause, which covers 'other' actions that likewise 'discriminate[ ] . . . in the terms and conditions of employment' " (alteration in original) (quoting 31 U.S.C. § 3730(h)(1)), aff'd 908 F.3d 610 (10th Cir. 2018).

U.S. 134, 145 (2014).  "[T]he question . . . is not what [the legislature] would have wanted but what [the legislature] enacted . . . ."  <u>Id.</u> (internal quotation marks omitted) (quoting <u>Republic of Argentina v. Weltover, Inc.</u>, 504 U.S. 607, 618 (1992)); <u>see also</u> <u>Macchione v. State</u>, 123 So. 3d 114, 119 n.3 (Fla. 5th DCA 2013) ("[W]hatever the consequences, we must accept the plain meaning of plain words." (quoting <u>United States v. Brown</u>, 206 U.S. 240, 244 (1907))).

The plain and ordinary meaning of the word "expose" in the context of section 825.1025(4) is the one most favorable to Mr. Mesen—to make something visible, typically by uncovering it.[5]  The two witnesses testified that they did not see Mr. Mesen's genitals.  And while they observed that the victim's hand was in Mr. Mesen's pants, they left unanswered the question whether at any time his genitals were uncovered so as to make them visible.  Accordingly, the trial court erred in denying Mr. Mesen's motion for judgment of acquittal because the State did not prove that he exposed his genitals in the presence of the victim.

Reversed and remanded.


SALARIO, J., Concurs specially with an opinion in which CASANUEVA, J., Concurs.
CASANUEVA, J., Concurs in part with an opinion.




SALARIO, Judge, Concurring specially.

_____

[5]Even if the statute were susceptible of differing constructions, which it is not, this court would be required to construe it most favorably to the accused.  <u>See</u> § 775.021(1), Fla. Stat. (2013).

I agree with the majority on three points that dispose of this appeal. First, the undefined term "exposes" in section 825.1025(4)(a)(2) should be interpreted in accord with its ordinary meaning. See City of Treasure Island v. Tahitian Treasure Island, LLC, 253 So. 3d 649, 657 (Fla. 2d DCA 2017) (explaining that undefined terms get their everyday meanings unless the context indicates a particular, specialized meaning). Second, the ordinary meaning of the term "exposes" as used in section 825.1025(4)(a)(2) is, unambiguously, to make visible. (Without getting bogged down in details, suffice it to say that the image the statutory phraseology conjures in the mind of the everyday reader is the stereotype of the trenchcoat-wearing flasher.) Third, the State's evidence failed to create a jury question about whether Mr. Mesen made his genitals visible; not even the State argues that its evidence was solid enough to get it that far. The plain meaning of the statute thus requires that we reverse the trial court's denial of the motion for judgment of acquittal on whether the State presented a prima facie case under section 825.1025(4)(a)(2).[6]

The majority's extensive analysis of other principles of statutory construction is, to my mind, not necessary to explain our reasons for deciding the case or to address any argument the State has made. We are deciding the case on the unambiguous language of the statute, which is typically conclusive of a statutory construction question. See Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984) (quoting A.R.

_____

[6]The scope of the motion for judgment of acquittal and this appeal is limited to the question of whether the facts taken in the light most favorable to the State were sufficient for the jury to determine if Mr. Mesen violated section 825.1025(4)(a)(2). It does not reach whether any other charge was properly before the jury. Moreover, because the record reflects that the lesser included offense of attempt was also before the jury, I would consider directing the entry of judgment on the lesser included offense of attempt in this case. See § 924.34, Fla. Stat. (2018).

Douglass, Inc. v. McRainey, 137 So. 157, 159 (Fla. 1931)).  And the State's only argument on appeal boils down to an assertion that we should interpret the term "exposes" in section 825.1025(4)(a)(2) to mean "exposes to the touch," an argument that, as the majority correctly explains, the ordinary meaning of the term as used in the statute excludes.  Accordingly, I concur in the result and in the majority opinion only to the extent that it ascertains and applies the unambiguous, ordinary meaning of the statute and respectfully decline to join the balance.

CASANUEVA, J. Concurs.

CASANUEVA, Judge, Concurring.

I join in and concur with the result reached by the majority and with the three points with which Judge Salario agrees in his special concurrence. Accordingly, I, too, conclude that "[t]he plain meaning of the statute thus requires that we reverse the trial court's denial of the motion for judgment of acquittal."